Louis Stono, Appellant, *v.* Herrmann Weiller, Respondent.

Plaintiff's complaint set forth a cause of action for malicious prosecution and alleged that plaintiff had executed a release thereof, which release was extorted by threats and under duress. The relief asked was that the release be canceled and damages awarded for the malicious prosecution. The case came up for trial at Circuit, and upon plaintiff's opening, the court upon its own motion directed the withdrawal of a juror and the transfer of the cause to the Special Term for trial. The case was tried there, neither party objecting, and no demand for a jury trial having been made by plaintiff to determine any of the issues. At the close of the evidence the complaint was dismissed. *Held,* that it was proper to send the case for trial to the Special Term, the equitable relief sought being an indispensable condition to the existence of the legal right of action; that plaintiff, having proceeded to trial without objection, or request for the intervention of a jury, could not complain here of the tribunal to whose jurisdiction he had submitted.

It appeared that the release was executed after bail had been given by plaintiff on his arrest and against the advice of his counsel. *Held,* that a finding that plaintiff executed said release freely and willingly and without coercion or fear, was justified.

(Submitted October 8, 1891; decided October 13, 1891.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made June 26, 1890, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion, which is given in full.

" The complaint of the plaintiff stated a cause of action for malicious prosecution, but further averred the execution by the plaintiff of a release which discharged the cause of action pleaded as well as all others. The complaint then proceeded to assail the release, and, alleging that its execution was extorted by threats and under duress, asked that it be canceled and annulled, and then that damages be awarded for the malicious prosecution. The cause of action pleaded was thus equitable in its character. There could be no enforcement of the legal right except upon condition that equity should remove the barrier raised by the release. Upon this complaint the case came to trial at a Circuit and before a jury. Upon the plain-

tiff's opening, the character of the complaint was disclosed and the court at once, upon its own motion, directed the withdrawal of a juror and the transfer of the cause to the Special Term for trial. At the Special Term the case was tried. Neither party objected to the tribunal, and the plaintiff made no demand for a jury to determine any of the issues involved. He neither claimed such a trial as a matter of right, nor invoked the discretion which might have submitted one of the issues to a jury. (Code, § 971.) At the close of the evidence his complaint was dismissed. The General Term affirmed the judgment and the plaintiff appeals to this court.

"So far as he complains of the action of the court at the Circuit, founding his argument upon an exception taken at that time, we think he is wrong for two reasons. It was entirely proper to send the action to the Special Term, because the equitable relief sought was an indispensable condition to the existence of the legal right of action. But if this fact had been otherwise, the plaintiff could still have demanded a jury trial of the legal issue, and upon such demand might have obtained it. Proceeding to trial before the court without objection, and making no request for the intervention of a jury, he cannot now complain of the tribunal to whose jurisdiction he submitted.

"The remaining question argued is settled by the findings of fact. The third is 'that the said plaintiff executed the said release freely and willingly, and not by any coercion or fear, and had the benefit and advice of his counsel prior to the execution thereof.' It may be admitted that the circumstances of an arrest and of the prosecutor's threats rendered possible an inference of duress, but the further facts that the release was executed after bail had been given, and against the advice of the party's own counsel, and when a trial was open to the accused and he declared his innocence, tend to the inference that he acted freely and voluntarily, and chose to settle rather than face the litigation. The finding of the court, therefore, has foundation in the facts and must govern our conclusion. Upon that finding the release was valid and effectual, and the complaint was properly dismissed.

"The judgment should be affirmed, with costs."

*A. B. Moore* for appellant.

*Samuel B. Hamburger* for respondent.

FINCH, J., reads for affirmance.
All concur.
Judgment affirmed. _____