MARY TALBOT, Appellant, v. STEPHEN VAN RENSSELAER CRUGER
and Others (Composing the Firm of S. VAN RENSSELAER CRUGER
& Co.) and DANIEL COFFEY, Respondents.

*Release of property induced by fraud — maintenance of an action for damages, without setting aside the release.*

When a party has been induced by fraud to execute an instrument purporting to
release or surrender his property to another, to his damage, he may, upon the
discovery of the fraud, instead of proceeding to have the instrument set aside ·
and to recover the property, treat the instrument as actually surrendering the
property and maintain an action directly against the party whose fraudulent
conduct has induced the execution of the instrument, to recover the damages
resulting from the fraud.

The maintenance of such an action at law to recover damages sustained by reason
of the fraud practiced in obtaining an instrument of release of property, as
distinguished from an action brought to recover the property released and from
the case in which the cause of action has been released, is not barred by the
existence of the release on which the action is founded, and it is not a pre-
requisite to the maintenance of such an action that the release be first set aside
on the equity side of the court.

APPEAL by the plaintiff, Mary Talbot, from judgments· of the
Supreme Court in favor of the several defendants, entered in the
office of the clerk of the city and county of New York on the 1st
and 4th days of March, 1893, respectively, upon a dismissal of the
complaint ordered at the New York Circuit.

*J. Baldwin Hand*, for the appellant.

*Henry H. Man*, for the respondents.

PARKER, J.:

The complaint alleges in substance the making of an agreement
between Hyland and Field, by which certain buildings to be erected
by Hyland on Field's land, should be personal property; their erec-
tion by Hyland in pursuance of such agreement; a subsequent sale
of such structures to the plaintiff; thereafter the conveyance of the
lands on which the buildings were situated to the defendant Coffey;
the execution and delivery by the plaintiff of a writing in form sur-
rendering to the defendant Coffey, for a consideration of twenty-five
dollars, such buildings.

The plaintiff charges that the execution and delivery of this writing was procured by the fraud and deceit of the defendants.

She avers that the defendants, other than Coffey, represented to her that they were the agents of Coffey, in respect to the land upon which her buildings were situated, and requested her to accept a new lease from Coffey on the same terms on which she had leased the lands from the prior owner, and that she acceded to the request.

That subsequently a letter was received from the defendants, directed to the plaintiff and her husband, which read as follows: " Mr. & Mrs. Talbot: We have a lease ready for you to sign, if you both will call at this office," which letter was signed by the defendants Cruger & Co.

In response to the letter, she visited the defendants' office, and was there presented with a paper for signature, which the defendants represented to her was a lease of the land of Coffey. Being unable to read or write, she was wholly dependent upon the representations of the defendants. And believing the paper to be a lease as represented, she executed it by making her mark.

She further avers that shortly thereafter, and about the 14th day of July, 1891, Coffey commenced a proceeding in a District Court to dispossess her; plaintiff answered therein, not disputing title of Coffey to the land, but claiming the ownership of the structure, and the right to remove the same.

The trial took place on the twenty-first day of July following, at which time Coffey produced, and put in evidence in his own behalf, the release which plaintiff asserts she was fraudulently induced to sign, and then for the first time she learned the true character of the paper which she had executed.

In pursuance of a judgment of the court thereafter rendered, plaintiff was deprived of the possession of the premises, including the buildings and structure, which she had purchased from Hyland.

By reason thereof, the complaint alleges that the plaintiff sustained damages, and judgment therefor is demanded against the defendants.

The cause being moved for trial at a Circuit Court, a jury impanelled, and the case opened to the jury by plaintiff's counsel, a motion theretofore made to dismiss the complaint was renewed, and the complaint dismissed on the opening on the ground that the release barred a recovery.

It was the view of the court that the release, if fraudulently procured, should be first set aside before damages could be recovered. That until it should be declared void and of no effect by a judgment of the court, an action for damages on the ground of fraud in procuring its execution was barred.

Plaintiff's counsel, however, insisted that the plaintiff did not propose to set the release aside, but was seeking instead to recover the damages sustained by reason of the fraud practiced upon her.

The court had in mind and cited from recollection *Stono* v. *Weiller* (128 N. Y. 655), but we think there is a marked distinction between the two cases. In *Stono's* case, it is true, the court held that it was necessary to set the release aside before a recovery of damages could be had, but the execution of the release in that case did not constitute in whole or in part the basis of the cause of action alleged in the complaint. On the contrary, subsequent to the happening of the events which gave rise to the cause of action sought to be maintained, the plaintiff therein had distinctly released the cause of action pleaded.

The court held at Circuit that, inasmuch as the release had to be set aside before there could be a recovery, the case belonged on the equity side of the court, and sent it to the Special Term for trial.

The court deemed that the proper disposition to make of this case, regarding the *Stono* case as a precedent for it. In this we think the court was mistaken. This release does not purport to release the cause of action averred in the complaint. On the contrary, it constitutes a part of the very foundation of the cause of action alleged.

This is not an attempt to recover the property which the instrument purports to release, but proceeds entirely upon the theory that by reason of the fraud practiced by each of the several defendants, the plaintiff was induced to execute an instrument surrendering her property to another, to her damage.

If such was the fact, and we must assume it was, upon the discovery of the fraud she had her choice of one of two remedies. Either to proceed by action for the recovery of the possession of the property, in which the release could have been attacked on the ground of fraud, if pleaded by the defendant ; or to treat the instrument as actually surrendering the property, and to proceed directly

against the parties whose fraudulent conduct had induced the execution of the paper.

She chose the latter remedy, as was her right.   *Griffing* v. *Diller* (21 N. Y. Supp. 407); *Roome* v. *Jennings* (Id. 938), and cases cited in 5 Wait's Actions and Defenses, 515, are cases differing in their facts from the one under consideration, but nevertheless illustrative of the rule properly applicable.

An effort is made by the respondent to bring about an affirmance of the judgment of the court below on the ground that the complaint does not aver the necessary facts to constitute the cause of action which the plaintiff attempted to allege in her pleading.

It is quite true that there are averments in the complaint which could more appropriately be employed in alleging an altogether different cause of action than the one attempted.

Still, we think, the purpose of the pleader is not only apparent throughout the complaint, but it contains the allegations essential to a recovery on the ground of fraud, to wit, representation, falsity, scienter, deception and damage.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment reversed and new trial ordered, with costs to the appellant to abide event.