### MOSS v. BURNHAM.

(Supreme Court, Appellate Division, First Department.    April 12, 1900.)

RELEASE—CANCELLATION—JURY—TRIAL.

> Where plaintiff alleged that he had been induced to execute a general release to defendant, in settlement of money due, by fraudulent representations, and prayed that the release be canceled, and that he recover such balance, he was not entitled, as of right, to have the issues framed for a jury, under Code Civ. Proc. § 968, providing that, where a complaint demands judgment for a sum of money only, an issue of fact must be tried by a jury, unless a jury trial is waived, or a reference directed.

Appeal from special term, New York county.

Action by Moton D. Moss against Frederick A. Burnham for the cancellation of a general release, and for money due. From an order denying plaintiff's motion to have issues framed to be tried by a jury, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Abram I. Elkus, for appellant.
Franklin Bien, for respondent.

INGRAHAM, J. By the amended complaint the plaintiff alleges that he loaned to the defendant various sums of money, aggregating $46,000; that the defendant repaid to the plaintiff the sum of $5,000, leaving due and unpaid the sum of $41,000; that subsequently the plaintiff endeavored to collect from the defendant the balance due as aforesaid, and that the defendant, for the purpose of deceiving the plaintiff, made certain false and fraudulent representations by which the plaintiff was induced to execute a general release to the defendant in full settlement of the said balance of $41,000; that said representations were willfully and intentionally false, and made with intent to, and did, deceive the plaintiff. Judgment is therefore demanded that the said release be delivered up and canceled, and declared null and void, and that the plaintiff recover from the defendant the balance due. In answer to this amended complaint the defendant denied each and every allegation therein contained, except that he admits and alleges that before the commencement of the action the plaintiff, for a valuable consideration, delivered

to the defendant a general release. Both parties noticed the action for trial at special term. The case was called for trial, and, on application of the defendant, was adjourned. Subsequently the defendant made this application to have issues framed for trial by a jury.

Unless the defendant was entitled to a trial by jury as a right, this motion was properly denied, as by rule 31 of the general rules of practice such a motion, when a party is not entitled to a trial by jury as a matter of right, must be made within 10 days after issue joined. The defendant, however, insists that, as this action is to recover for a sum of money only, he is entitled, by section 968 of the Code of Civil Procedure, to a trial by jury. That section provides that, in an action in which the complaint demands judgment for a sum of money only, an issue of fact must be tried by a jury, unless a jury trial is waived, or a reference is directed; but this section only applies to an action where the sole relief sought is the recovery of a sum of money, and this action is not one therein specified. The cause of action is an equitable one. There could be no enforcement of the legal right, except upon condition that equity should remove the barrier raised by the release; and to remove that barrier was the relief sought for in the action. Stono v. Weiller, 128 N. Y. 655, 28 N. E. 653. That case decides that where such a cause of action is alleged the case is properly triable at special term. It was there said:

"It was entirely proper to send the action to the special term, because the equitable relief sought was an indispensable condition to the existence of the legal right of action."

That being so, the court properly denied the application to send the issue as to the right of the plaintiff to this equitable relief to be tried by a jury. It was also quite proper for the court to refuse to direct the issue as to the loan of money to the defendant to be tried by a jury until the equitable issue upon which depended the existence of any right to recover from the defendant had been disposed of. If, upon the trial of the equitable issue at special term, and the determination thereof in favor of the plaintiff, the court should deem it proper, it may send the other issues to be tried by a jury. It seems to be settled, however, that in such a case a party would not be entitled, as a matter of right, to a jury trial. In Lynch v. Railway Co., 129 N. Y. 274, 29 N. E. 315, 15 L. Ed. 287, Judge Gray says:

"Underlying the system upon which courts of equity have exercised their power, as I understand it, is the principle that, when they have gained jurisdiction of a cause of action by reason of the infirmity of the courts of law to entertain it or to give full relief, they will retain their control of the cause generally, and settle up the whole matter between the parties."

And it was further held in that case that the fact—

"That a money judgment is ordered against defendant for the plaintiff's loss affords no peculiar ground for attacking equity's jurisdiction. That is frequently the case in actions of an unquestioned equitable nature."

Whether or not the issue presented as to the defendant's liability should be tried by a jury can properly be determined upon the

trial of the action, if the court should be of the opinion that the plaintiff was entitled to judgment setting aside the release.

It follows that the order appealed from was right, and it should be affirmed, with $10 costs and disbursements. All concur.