**BREANARD v. NORTHERN PAC. RY. CO.**

Circuit Court of Appeals, Eighth Circuit.
November 23, 1928.
No. 8135.

J. K. Murray, of Mott, N. D. (Leo C. Broderick, of Mandan, N. D., and H. P. Jacobsen, of Mott, N. D., on the brief), for plaintiff in error.

E. T. Conmy, of Fargo, N. D. (Conmy, Young & Burnett, of Fargo, N. D., on the brief), for defendant in error.

Before STONE and VAN VALKENBURGH, Circuit Judges, and PHILLIPS, District Judge.

PHILLIPS, District Judge. J. W. Breanard (hereinafter called plaintiff) brought this action against the Northern Pacific Railway Company (hereinafter called the railway company) to recover damages for fraud and deceit alleged to have been practiced upon plaintiff by a representative of the railway company in the compromise and release of a claim of plaintiff against the railway company for personal injuries. The theory of plaintiff's case is that he may affirm the contract of release and recover the damages which he suffered on account of such alleged fraud and deceit. At the close of plaintiff's evidence in the trial below, the railway company moved for a directed verdict. This motion was sustained and a judg-

ment entered dismissing the complaint. This is a writ of error therefrom.

Although the remedy which plaintiff seeks is not the one usually sought where the release of a claim has been secured by fraud and deceit (34 Cyc. p. 1070, § [c], 23 R. C. L. p. 410, § 40), at least one adjudicated case has held that an action at law for damages will lie in such a case (Urtz v. New York Central & H. R. R. Co., 202 N. Y. 170, 95 N. E. 711). See, also, Talbot v. Cruger, 72 Hun, 30, 25 N. Y. S. 285; Swan v. Great Northern Ry. Co., 40 N. D. 258, 168 N. W. 657, 659, L. R. A. 1918F, 1063; Wabash Valley Protective Union v. James, 8 Ind. App. 449, 35 N. E. 919. However, it is our opinion that, upon the record in the instant case, it is not necessary for us to determine the question of the correctness of the decisions last cited.

The fraud and deceit alleged in the complaint is that the claim agent of the railway company represented to the plaintiff that the physicians who had been attending plaintiff had told the claim agent that "plaintiff was not seriously or permanently injured"; that "he was merely slightly injured and that he had totally recovered from such injuries and would be perfectly well in the near future." The complaint further alleged that the claim agent, after making such representations, offered to pay the plaintiff the sum of $1,350 in compromise of his claim, and stated that, if the plaintiff refused to accept forthwith the sum of $1,350, the railway company would never pay him anything.

■ The burden was upon the plaintiff to show that the alleged false representations were made to him; that he believed them; and that he relied and acted upon them in agreeing to compromise and release his claim. Bell v. Morley (C. C. A. 9) 223 F. 628, 630; Belding v. King (C. C. A. 2) 159 F. 411; Plunkett v. Levengston (C. C. A. 7) 258 F. 889, 893; 26 C. J., p. 1062, § 6.

If plaintiff did not act in reliance upon the alleged misrepresentations for which he seeks redress, he has no cause of action for fraud. Ming v. Woolfolk, 116 U. S. 599, 602, 603, 6 S. Ct. 489, 29 L. Ed. 740; Wagner v. National Life Insurance Co. (C. C. A.) 90 F. 395, 406, 407; Hotchkin v. Third National Bank of Malone, 127 N. Y. 329, 27 N. E. 1050, 1051; Wakeman v. Dalley, 51 N. Y. 27, 30, 10 Am. Rep. 551; Mullen v. Searls Co., 69 W. Va. 790, 793, 72 S. E. 1089.

■ Plaintiff testified that the claim agent pressed him for a settlement, and insisted that, if he did not make a settlement that day, he would not have "any chance with the Northern Pacific Railway Company at all"; that plaintiff believed that he "had to do something or be thrown out of the hospital, suffering and in a crippled condition, and out of the service" of the railway company. He testified that he did not believe the statements of the doctors conveyed to him by the claim agent, and that he made the settlement because he believed that, if he did not settle then, he would not receive any money from the railway company, and would be evicted from the hospital. This evidence clearly shows that plaintiff did not act because of any representations as to his physical condition, but because he believed that, unless he settled, he would lose all opportunity for a settlement and future employment, and would probably be evicted from the hospital. It follows that plaintiff did not believe the alleged false statements, and did not rely or act thereon in compromising and releasing his claim.

There is neither allegation nor proof that the alleged statement of the claim agent that, unless an immediate settlement was made, the railway company would not voluntarily pay plaintiff anything was false.

It follows that plaintiff wholly failed to make out a case, and that the trial court properly directed a verdict for the railway company.

The judgment is affirmed.