ANNA HEYMAN, Plaintiff, *v.* ROSE FELICE, Defendant.

Supreme Court, Special Term, Queens County, March 8, 1951.

*Harry Chaifetz* for plaintiff.

*Benjamin Paige* for defendant.

DALY, J. Plaintiff moves to vacate a jury demand and for a preference; defendant cross-moves to transfer the case from the equity calendar to the trial calendar.

This action is to foreclose a chattel mortgage (*Blake* v. *Corbett*, 120 N. Y. 327; 9 Carmody on New York Practice, §§ 580, 595), not, as defendant contends, to recover a chattel (see Civ. Prac. Act, art. 66). Such being the case the defendant is not entitled to a trial of the issues of fact by jury under section 425 of the Civil Practice Act. In this type of action trial by jury is discretionary (Civ. Prac. Act, § 430), and a failure to apply for an order framing issues within twenty days after joinder of issue constitutes a waiver of the right to apply (Rules Civ. Prac., rule 157). Here, no application was made at all (and indeed none is now made); defendant simply filed a jury demand some three months after issue had been joined, believing herself to be entitled to a jury trial as of right. Since she is not so entitled, and since no application to frame issues was made within the time required, plaintiff's motion to vacate the jury demand is granted and defendant's cross motion is denied. Plaintiff's motion for a preference is also denied.

Submit order on notice.