Jambs D. Hurley, J.
This is a motion made by the defendants for a jury trial of the issues.
In this action to foreclose a mortgage on real property, defenses of usury and of payment are raised by the answer.
While courts have granted jury trials of the question of usury pleaded as a defense in a mortgage foreclosure action, I am satisfied that a jury trial of such an issue is not a matter of right, but rests in the discretion of the court. (New Orleans Gas Light and Banking Co. v. Dudley, 8 Paige, ch. 451; Apel v. O’Connor, 39 Hun 482.)
This motion, made pursuant to section 429 of the Civil Practice Act, should have been made pursuant to section 430 of the Civil Practice Act. The court will consider this motion as having been made pursuant to the correct section.
Where the right to a jury trial is discretionary, motion therefor must be made within 20 days after issue joined. (Rules Civ. Prac., rule 157.) The motion has not been timely made here. No excuse for the delay has been shown in the moving papers.
While some older cases have granted an application for a jury trial made after the limitation period provided in rule 157 under exceptional circumstances, the modern practice seems to be to the contrary.
This application for jury trial must be denied. (Ellensohn v. Keyes, 6 App. Div. 601; Arnot v. Nevins, 44 App. Div. 61; Moss v. Burnham, 50 App. Div. 301; McGraw v. Bank of Richmondville, 238 App. Div. 437; Auerback v. Chase Nat. Bank, 251 App. Div. 543; Elmira Savings & Loan Assn. v. Spring, 261 App. Div. 1034; People v. System Properties, 44 N. Y. S. 2d 835; Gramling v. Gramling, 80 N. Y. S. 2d 387; Heyman v. Felice, 199 Misc. 619.)
Prepare order accordingly.