The Wabash Valley Protective Union *v.* James.

No. 949.

## The Wabash Valley Protective Union *v.* James.

PLEADING.—*Complaint, Sufficiency of.—Exhibit.—Insurance.—Damages. —Fraudulent Representations.*—Where a controversy arose between an insurance company and the beneficiary of a policy issued by it, and the controversy was settled by a compromise agreement, in which the company paid the beneficiary $600, the policy being for $3,000, and subsequently the beneficiary brought suit to recover damages alleged to have been sustained through false representations in procuring the settlement and compromise; the *gravamen* of the complaint is the fraud alleged to have been perpetrated upon plaintiff, and a copy of the policy need not be filed with the complaint.

SAME.—*Answer.—Sustaining Demurrer to.—By-Law.—Contract.—Tort.* —In such case, it was not error to sustain a demurrer to an answer in bar setting up a by-law of the company, for the reason that the action is not on the policy nor on contract, but in tort.

SAME.—*Counterclaim.—Essential Averments.—Can not be Aided by Other Pleadings.*—A counterclaim, to be sufficient, must contain all the essential averments of a complaint, and must state a cause of action in favor of the defendant and against the plaintiff, growing out of the subject-matter alleged in the complaint, without aid by reference to other pleadings.

SAME.—*Counterclaim, When Insufficient.—Release.—Warranty, Breach of.*—In an action for damages for fraudulent representations in the settlement of a disputed insurance policy, wherein it appears that the plaintiff is standing upon and retaining the consideration of the settlement, it was not error to sustain a demurrer to a counterclaim for damages, founded upon a breach of warranty, in the release executed to defendant by plaintiff, to defend the payment, in settlement, against all claimants whomsoever.

PRACTICE.— *Order for Production of Books for Inspection.—When Proper.*—The propriety of making an order, by the court, requiring one party to produce and give another party inspection of certain of its books, depends upon the averments of the pleadings and issues joined.

EVIDENCE.—*General Objections, When not Sufficient.*—Unless from the offered evidence itself, a sufficient reason for excluding it appears, it is not error to admit it over general objections.

From the Tippecanoe Superior Court.

*G. D. Hurley, M. E. Clodfelter* and *W. E. Humphreys,* for appellant.

LOTZ, J.—The appellant is a mutual life insurance corporation organized under the laws of this State. It issued a joint policy of insurance upon the lives of Hugh B. and Annie M. James, in the sum of $3,000. By its terms, the insurance money was payable to the survivor in the event of the death of either of the assured.

Annie M. James died, and the appellee made due proof of her death, and demanded payment of the policy. The appellant made an assessment upon its policy-holders and collected money with which to pay said policy. A controversy arose between the appellant and appellee as to the amount which should be paid in the discharge of the policy. This controversy was settled in a compromise agreement, in which the appellant paid the appellee the sum of $600, and appellee executed a written release and assignment of the policy to the appellant. The appellee brought this action to recover damages alleged to have been sustained through fraudulent representations in procuring the settlement and compromise.

The issues joined were tried by the court. The court made a special finding of the facts, and stated the conclusions of law thereon. A judgment was rendered in favor of the appellee in the sum of $2,662.40. Many errors are assigned. We consider those only which counsel have discussed.

The first is the overruling of the demurrer to the complaint.

Appellant insists that the cause of action is based upon the policy of insurance, and that a copy thereof should have been filed with the complaint. In this contention counsel·are in error. The *gravamen* of the complaint is the fraud alleged to have been perpetrated upon the ap-

pellee. A party may retain the property received through a fraudulent transaction and sue for the damages sustained by the fraud perpetrated upon him. He may affirm the contract and recover or recoup the damages sustained by him. But he can not repudiate the contract and retain its benefits at the same time. *English* v. *Arbuckle*, 125 Ind. 77; *Nysewander* v. *Lowman*, 124 Ind. 584; *Johnson, Admr.*, v. *Culver, Admx.*, 116 Ind. 278.

The fraud is sufficiently averred in the complaint, and there was no error in overruling the demurrer to it.

It is next insisted that the court erred in sustaining appellee's demurrer to the third paragraph of answer. This answer pleaded, as a bar to the action, a by-law of the appellant, which was as follows: "No suit or action shall be sustainable in any court of law or chancery upon any death claim unless the same shall be commenced within twelve months after the death of any member."

It is alleged that, when this action was commenced, one year had elapsed since the death of Annie M. James. It is not necessary for us to determine whether or not such stipulation is valid, for this is not an action on the policy, nor is it an action on a contract. It is an action in tort which arose when the fraud was perpetrated.

The demurrer was correctly sustained to this answer.

The fourth paragraph of answer was in the nature of a counterclaim. It alleges, in substance, that the policy was procured by the false representations of the appellee and of the said Annie M. James, as to the condition of her health; that this fraud was kept concealed from the appellant until after the assessment had been made and appellee had obtained the $600. The conclusion is that the appellant sustained damages in the sum of $1,-500, for which it asked judgment.

It is a familiar rule of pleading that a counterclaim

must contain all the essential averments of a complaint. It must state a good cause of action in favor of the defendant and against the plaintiff, growing out of the subject matter alleged in the complaint. It can not be aided by reference to other pleadings, but must be complete within itself. The pleading under consideration refers to the policy and assessment as described in the complaint. If it be considered independently of such aid or reference, it is hardly intelligible. The inducement upon which its important averments depend are wanting. There is nothing to show that any policy was ever issued, or that an assessment was ever made except as a matter of inference. Nor is there anything to show the character of the appellant or its right to do an insurance business, or that it had incurred any liability on account of a policy issued by it, except inferentially.

There was no error in sustaining the demurrer to this paragraph.

The fifth paragraph of answer is also pleaded by way of counterclaim. It is based upon the breach of this written instrument:

"Received of Wabash Valley Protective Union of Crawfordsville, Indiana, the sum of six hundred dollars, in full of all claims under and to the written certificate of membership numbered 940, on the life of Annie M. James, late of Hedrick, Indiana, and hereby surrender all my rights, titles and interest under and to the same, and releasing said association from all liability in the premises, also warranting and defending said payment against any and all claimants whomsoever.

"HUGH M. JAMES."

It is averred, that by the terms of the agreement the plaintiff agreed to warrant and defend said payment against all claimants whomsoever, and that there has been a breach of said warranty on the part of the plain-

tiff in the prosecution of this action; that defendant has been put to large expense in defense of the action, in the employment of counsel and loss of time, in the sum of $500. It is not averred that the payment of the $600 is questioned by the appellee's action. It appears, from the complaint, that he is standing upon and retaining the payment. He is not seeking to have the contract of settlement annulled. He affirms the contract and sues for the fraud. There was no error in sustaining the demurrer to this counterclaim.

It is next insisted that the court erred in the order made upon the affidavit and motion of the appellee, requiring the appellant to produce and give appellee an inspection of certain of its books.

The propriety of making such orders depends upon the averments of the pleadings and the issues joined. Considering the issues and the showing made by the affidavit, we think the order of the court was right. The same is true of the next assignment, that the court erred in requiring the appellant to answer certain interrogatories. The order was proper in view of the issues to be determined. The interrogatories to which objection is made called for information which was proper to be given in evidence on the trial.

The last assignment discussed is the overruling of the motion for a new trial. A good many of the causes for the motion are based upon the admission of certain evidence over the objection of the appellant. The objections to the admission of the evidence are very general. They are nearly all based upon the grounds that the evidence was "irrelevant, incompetent, and immaterial." The incompetency, irrelevancy and immateriality should be specifically pointed out. Unless, from the offered evidence itself, a sufficient reason for excluding it appears, it is not error to admit it under such general objections.

The appellant gave no evidence in the trial, and the cause was submitted on the evidence given by the appellee alone.    It is earnestly insisted, that the findings and judgment are not supported by the evidence; that there is no evidence whatever to show that more than $600 was realized from the assessment made to pay the appellee's policy, and that there is no evidence whatever to show that there was any reserve funds on hand out of which the policy or any part of it could be paid.    It is true that the appellant's secretary so testified; but he was a hostile witness.    There was other evidence given of statements contained in the circulars and advertisements of the appellant, and statements of its secretary tending to show that the company was prosperous and had a large membership and reserve fund at or about the time the appellee's claim matured.

Under the circumstances, we can not disturb the judgment on the weight of the evidence.

Judgment affirmed, at costs of appellant.

Filed Dec. 13, 1893.