SHRINER ET AL. *v.* UNION FEDERAL SAVINGS AND LOAN ASSOCIATION, ETC.

[No. 18,651. Filed March 18, 1955. Rehearing denied May 9, 1955. Transfer denied May 1, 1956.]

*L. Russell Newgent,* of Indianapolis, and *Ira L. Haymaker,* of Franklin, for appellants.

*Rocap, Rocap, Reese & Robb, James E. Rocap* (of counsel) of Indianapolis, for appellee.

KENDALL, J.—Suit by appellants for damages resulting to their property alleged to have been sustained as a result of appellee's negligence in their failure to keep a certain fire insurance policy in force on their property on which appellee held a mortgage.

Prior to July 13, 1951, appellants mortgaged certain real estate and improvements to appellee. At the time of the execution of the mortgage, appellee required appellants to have insurance on the property containing the standard mortgage clause in their favor in the sum of Eight Thousand ($8,000.00) Dollars. The policy in question resulting in this law suit was dated July 31, 1948, and expired July 13, 1951. Appellants were required to pay, in addition to the monthly payments on the mortgage, an additional sum of $4.35 a month to create a fund for the payment of the premiums on the insurance policy involved. Appellants alleged that they made the money payments until September 2, 1951, at which time the building on the real estate was partially destroyed by fire; that the appellee negligently and carelessly omitted to renew the policy of insurance on the date it expired, causing it to lapse and resulting in loss to appellants.

Trial by jury resulting in verdict in favor of appellee upon which judgment was rendered.

Motion for new trial contained five specifications. Upon appeal, appellants waived all specifications except number three which is "the court erred in refusing to give to the jury each of the instructions requested by the plaintiffs number three and number four."

Appellants' argument is limited to their tendered and refused instruction number three.

The assignment of error is the overruling of appellants' motion for new trial.

Instruction number three tendered by appellants and refused by the court is as follows:

"The burden of proof is on the defendant Union Federal Savings and Loan Association to establish by a preponderance of all the evidence that plaintiffs were guilty of contributory negligence, proximately contributing to their loss if any, they sus-

tained; if said defendant has not so established such fact, then you should find that plaintiffs were not guilty of contributory negligence."

This instruction dealing with the element of contributory negligence is based upon §2-305, Burns' 1946 Repl., Vol. 2, Part I; Acts of 1943, ch. 227, §1, p. 662.

Upon examination of the record as presented to us, our attention is directed as to whether appellants' action is one of *ex contractu* rather than *ex delicto*, based upon tort. This question has not been presented to us by either party in their brief. If it were an action *ex contractu,* then the instructions upon the question of negligence or contributory negligence would have been surplusage. The dividing line sometimes between the two is dim and uncertain. However, it cannot be overlooked that appellants charge appellee with negligently and carelessly omitting to keep the fire insurance on the mortgaged property in force and effect. Under this direct charge of negligence, upon which the suit was tried and jury instructed, the appellants under such condition elected to sue in tort instead of on contract for the alleged neglect or breach of contract. Under the facts presented, they had the right so to do but could not have had two different causes of action. Where the duty has its roots in contract the undertaking to observe due care may be implied from the relationship and should it be the fact that a breach of their agreement also constitutes such a failure to exercise care as amounts to a tort, the plaintiffs may elect which theory they will pursue, as the common-law authorities have it, to sue in case or in assumpsit.

It was stated in 1 Comyns' Digest, Action on the Case for Negligence, A4, p. 418, cited in *Flint &*

*Walling Mfg. Co.* v. *Beckett* (1906), 167 Ind. 491, 79 N. E. 503, that, "if a man neglect to do that, which he has undertaken to do, an action upon the case lies. . . . But, if there be not any neglect in the defendant, an action upon the case does not lie against him, though he do not perform his undertaking."

One of the defenses of the appellee under the pleadings was that appellants were guilty of contributory negligence. The court instructed the jury on this defense. Without contradiction were it not for the charge of negligence, appellants' correct theory would have undoubtedly been that for a breach of contract. In view of the appellants' alleged act of negligence on the part of the appellee to keep the property insured, we believe that such charge, or a breach of duty, constitutes a tort action the same as a breach of a legally-imposed duty apart from the contract.

One may sue in tort when there has been negligence in the performance or non-performance of a contract. Accompanying every contract is a common-law duty to perform the thing agreed to be done with care, skill and faithfulness. If the complaint now under consideration had been based upon mere failure to perform an agreement on the part of appellee in the absence of a showing that appellants were misled through reliance upon appellee's performance, then appellants should have proceeded upon an action in *ex contractu* only.

It appears to us that it must be held that the action was based and tried upon the theory of an action *ex delicto* which appellants chose to do. But, admitting that there might be room for doubt on the subject the fact that the court below as the record shows tried the case on the theory that it

was an action *ex delicto,* that must settle the question so far as we are concerned in this case and especially is that true in view of appellants' assignment of errors. *Federal Life Ins. Co.* v. *Maxam* (1917) (R. D. 1918), 70 Ind. App. 266, 117 N. E. 801, 118 N. E. 839. The general rule is that the theory upon which a case proceeds to trial in the lower court will prevail in this court. *The Lake Erie and Western Railway Company* v. *Acres* (1886), 108 Ind. 548, 9 N. E. 453.

The case of *Wellerding* v. *West Norwood Bldg. & L. Co.* (1938), 59 Ohio App. 51, involved a set of circumstances most similar to the ones presented instantly. In that case, the plaintiff claimed an agreement by which the defendant became the agent of the plaintiff to keep the policies, renew the insurance when necessary and not to permit the insurance to expire; that in violation of the agreement, it *negligently* and *carelessly* permitted the insurance to expire and failed to renew the same thereby causing the loss and damage to the plaintiff. The court held that the failure of the loan company to renew the insurance policies or notify the mortgagors that the policies had lapsed is *negligence* on the part of the mortgagee, for which it is liable to the mortgagor for loss sustained. The Ohio Court recognized in that case the rights of the appellants to proceed in an action *ex delicto* as a result of the alleged negligence of the loan company in failing to renew the policies of insurance involved. We, therefore, proceed with the question as to the propriety of the court's refusal to give instruction number three tendered by appellants. In so doing, we are faced with the contention that the burden of proof of contributory negligence as stated by the statute applies to actions arising out of damages to intangible property under the facts as presented.

We find it unnecessary to decide that question. Appellants have not favored us with a presentation of the evidence. We, therefore, are without means of knowledge as to what the evidence may disclose relative to the negligence charged or the contributory negligence, if any, on the part of appellants. Error in the refusal of the court to give appellants' instruction number three cannot be determined in the absence of the evidence. Even if it be conceded, as appellants contend, that the burden of proving contributory negligence was on the appellee, an instruction to that effect would be devoid of legal efficacy if there be no evidence of contributory negligence to which it would apply. We have no means of knowing what the record is in this respect.

In the absence of the evidence, we hold that the court committed no error in its refusal to give appellants' tendered instruction number three.

Judgment affirmed.

Royse, P. J., not participating.

## ON PETITION FOR REHEARING

KENDALL, J.—The appellants contended in their original brief that the trial court erred in refusing to give their tendered instruction number three, which instruction was recited in our original opinion. In that opinion, this court held that in view of appellants' failure to present the evidence to this court upon which instruction number three was based, we could not consider the question presented by the court's refusal to so give.

Upon appellants' Petition for Rehearing, they contend that this court erred in its original opinion on account of such ruling. Appellants still urge in their Petition for Rehearing that appellants' instruction number three should be considered be-

cause the court gave his own instruction number five and appellee's instruction number five, which, in substance, instructed the jury that one of the defenses of the appellee was that of contributory negligence and that contributory negligence was such negligence on the part of the appellants as helped to produce the damage complained of. Appellants filed no brief with the petition citing any authority to substantiate their contention in this matter. It is to be noted that appellants did not object to the giving of court's tendered instruction number five and appellee's instruction number five. By not objecting, appellants make no claim of error in the giving of either or both of said instructions. They say that since they were given, the court should have given their tendered instruction number three. Notwithstanding, we cannot tell, since the evidence is not presented,. whether there was any evidence whatsoever that would warrant the court's giving appellants' tendered instruction number three which had to do with the burden of proof of contributory negligence. The mere fact that the court gave his own instruction number five and appellee's instruction number five without objection in itself does not make proper the giving of appellants' tendered instruction number three. As stated in the original opinion, "We have no means of knowing what the record is in this respect".

It is not necessary to incorporate in the Bill of Exceptions all the evidence in the case but so much of the evidence as relates to the subject matter of the instruction must be incorporated in the Bill of Exceptions. Lowe's Revision of Works' Indiana Practice, Vol. 4, §62.9; *Terry* v. *Davenport* (1908), 170 Ind. 74, 83 N. E. 636.

Appellants' tendered instruction number three, even if it was before the court, would not change the result,

for it was erroneous. The wording of the instruction placed a greater burden on appellees than the law required. Evidence on the question of contributory negligence can come from either party. This instruction told the jury that the defendant (appellee) had to produce all the evidence on the question of contributory negligence. Clearly, the instruction was erroneous and no other instruction was given, or tendered, that correctly stated the law that the evidence could come from either the plaintiff or defendant.

Since the evidence is not in the record and in the absence thereof tending to show contributory negligence, there is no error shown in the record presented to this court.

In the absence of the evidence in the record, this court should indulge in the presumption that the instruction was not applicable to the evidence. *Barrett* v. *Stone* (1952), 123 Ind. App. 191, 108 N. E. 2d 201. Therefore, the Petition for Rehearing is denied.

Royse, P. J., not participating.

NOTE.—Reported in 125 N. E. 2d 168.
Rehearing denied 126 N. E. 523.
Transfer denied 133 N. E. 2d 861.