**LIBERTY MUTUAL INSURANCE COMPANY, Appellant (Defendant Below),**

v.

**Mary Ann PARKINSON, Appellee (Plaintiff Below).**

No. 4–1083 A 352.

Court of Appeals of Indiana, Fourth District.

April 17, 1986.

Edward N. Kalamaros, Thomas Cohen, South Bend, for appellant.

Charles A. Asher, South Bend, J. William Davis, Jr., Goshen, for appellee.

## ON PETITION FOR REHEARING

YOUNG, Presiding Judge.

In *Liberty Mutual Insurance Co. v. Parkinson* (1985), Ind.App., 487 N.E.2d 162, we affirmed the trial court's judgment awarding compensatory and punitive damages against Liberty Mutual for bad faith in settling a claim with its insured. Liberty now seeks rehearing.

In our original opinion we quoted from the release agreement executed by Liberty Mutual and Parkinson. Liberty notes that the phrase underlined in the passage below was omitted when the passage was quoted in our decision. The passage should have read as follows, the underlined portion indicating the omitted phrase:

This 'Release and Trust Agreement' does not constitute a waiver of Mary Ann Parkinson's right, which she expressly reserves, to make claim against, sue, and collect from Liberty for all acts and omissions constituting a breach of Liberty's contractual and fiduciary obligations to her, including attorney fees and compensation for all losses *and punitive damages. This 'Release and Trust Agreement' satisfies only the liability that* Liberty has for the uninsured motorist coverage of the above policy.

We thank petitioner for calling the error to our attention. The omission was, however, a typographical error. The entire passage was considered in our determination that Parkinson properly reserved her right to proceed against Liberty for bad faith in handling her claim.

Liberty also claims we failed to address the issue of its liability as a principal for the acts of its claims representative, citing *Orkin Exterminating Co., Inc. v. Traina* (1984), Ind.App., 461 N.E.2d 693.

The trial court specifically found that Liberty's corporate policy was to intentionally keep claims representatives ignorant of uninsured motorist coverage, making it impossible for lay policyholders to know from conversations with those claims representatives what rights they do have. In fact, Liberty's claims manager, Fred Swan, testified that the handling of Parkinson's case was consistent in all respects with Liberty's policy. This and other evidence was sufficient to find Liberty liable for the acts of its claim representative.

The petition for rehearing is denied.

MILLER and CONOVER, JJ., concur.