Jane TROXELL, et al., Appellants–
Plaintiffs,

v.

AMERICAN STATES INSURANCE
COMPANY, et al., Appellees–
Defendants.

No. 49A05–9107–CV–00225.

Court of Appeals of Indiana,
Fifth District.

July 21, 1992.

Candace W. Trivedi, Indianapolis, for appellants-plaintiffs.

Danford R. Due, Catharine H. Stewart, Stewart Due Miller & Pugh, Indianapolis, for appellees-defendants.

SHARPNACK, Judge.

Jane and David Troxell ("Troxells") appeal the grant of summary judgment in favor of American States Insurance Co. ("American States") and Art Smith on the Troxells' multiple count complaint against American States, Smith and other defendants. We affirm.

The Troxells raise two restated issues for review:

Whether a genuine issue of material fact exists with regard to whether American States waived the one-year contractual limit on the time in which to bring suit under the policy.

Whether the Troxells pleaded grounds for recovery sounding in tort to which the contractual limitation does not apply.

In 1982 Thomas and Yvonne Holliday purchased from the French Insurance Agency ("French") a fire insurance policy on a house. The policy was written by American States. The Hollidays were the named insureds and Magna Mortgage ("Magna") was named as the mortgagee. The Troxells purchased the property, subject to the mortgage, in May of 1983. Thereafter, the Troxells made payments to the Magna Mortgage company which included premiums for the insurance policy. The Hollidays, however, continued as the named insureds.

On July 13, 1987, the house was damaged by fire. Jane Troxell reported the loss to Art Smith, an adjuster for American States. Magna also submitted a sworn statement in proof of loss and American States paid Magna the full amount of its claim. American States subsequently employed Herbert Miller & Associates to perform a cause and origin analysis of the fire. Following Herbert Miller's investigation (on behalf of Herbert Miller & Associates), Jane Troxell was indicted on charges of arson arising out of the fire in question. Herbert Miller was subpoenaed and testified as a prosecution witness. Troxell was acquitted.

On July 12, 1989, the Troxells filed suit against American States, Smith (both individually and as an agent/employee of American States), French, and Herbert Miller & Associates. The first count of the complaint alleged that American States, through its agent, Art Smith, in bad faith, breached the insurance contract under which the Troxells had an equitable interest. The second count alleged that Art Smith breached his duty to represent the Troxells' interests by his bad faith failure to negotiate a settlement. The third count alleged that Herbert Miller, as an agent for American States, negligently conducted his investigation, and that he negligently and

willfully testified against Jane Troxell. The third count also alleged that American States condoned and participated in the negligent manner in which Miller investigated fires.

On January 14, 1991, American States and Smith filed a motion for summary judgment accompanied by a memorandum in support, a copy of the insurance policy, the affidavit of Lowell D. French, and Herbert Miller & Associates' answers to interrogatories. The insurance policy contained the following provision upon which American States and Smith relied:

"SUIT AGAINST US. No action shall be brought unless there has been compliance with the policy provisions and the action is started within one year after the loss."

(Record, p. 160.)

The trial court set a hearing for March 22, 1991. On March 20, 1991, the Troxells filed their response together with their individual affidavits. At the hearing, counsel for American States and Smith made a motion to strike the Troxells' response and affidavits as untimely filed, and the trial court granted the motion. The trial court granted the motion for summary judgment on March 27. The Troxells then filed a motion to reconsider both the striking of their response and affidavits and the grant of summary judgment, which motion the trial court denied.

■ The Troxells first claim that the trial court erred in granting summary judgment as to count I of their complaint because there was a factual issue as to whether American States had waived the one-year limitation clause. The Troxells concede that such limitation clauses are enforceable, but they argue that those clauses are not favored by sound public policy and are therefore easily waived. We agree with both propositions. In *Schafer v. Buckeye Union Insurance Co.* (1979), 178 Ind.App. 70, 381 N.E.2d 519 the court held that, while not favored, contractual limitations shortening the time in which an action may be commenced are valid, provided a reasonable time is afforded. 178 Ind. App. at 74, 381 N.E.2d at 522, citing *Huff*

*v. Travelers Indemnity Co.* (1977), 266 Ind. 414, 363 N.E.2d 985. However, due to significant policy concerns potentially abridged by that type of contractual limitation, such clauses may be easily waived. *Id.* The *Schafer* court reversed a summary judgment for the insurer due to the existence of a factual issue as to whether the insurer, by its conduct, impliedly waived a contractual limitation similar to the one before us. 178 Ind.App. at 76, 381 N.E.2d at 523.

■ In the present case, however, the trial court correctly granted summary judgment because the Troxells did not demonstrate the existence of an issue of material fact with regard to waiver. When we review a trial court's entry of summary judgment, we are bound by the same standard as the trial court: we must consider all of the pleadings, affidavits, depositions, admissions, answers to interrogatories, and, where applicable, testimony in the light most favorable to the nonmoving party in order to determine whether a genuine issue of material fact remains for resolution by the trier of fact. *Ayres v. Indian Heights Volunteer Fire Dept., Inc.* (1986), Ind., 493 N.E.2d 1229, 1234. A genuine issue of material fact exists where facts concerning an issue that would dispose of the litigation are in dispute or where the undisputed facts are capable of supporting conflicting inferences on such an issue. If we have any doubts concerning the existence of a genuine issue of material fact, we must resolve those doubts in favor of the nonmoving party, and we must reverse the entry of summary judgment. *Woodward Insurance, Inc. v. White* (1982), Ind., 437 N.E.2d 59, 62. However, if no genuine issue of material fact exists, and if the moving party is entitled to judgment as a matter of law, we must affirm the entry of summary judgment. *Id.* The moving party bears the burden of showing the absence of a factual issue and that he is entitled to judgment as a matter of law. *Norman v. Turkey Run Community School Corp.* (1980), 274 Ind. 310, 312, 411 N.E.2d 614, 615. Once the moving party has met his burden, the opposing party may not rest on

its pleadings, but must demonstrate the existence of a genuine issue for trial. *Kahf v. Charleston South Apartments* (1984), Ind.App., 461 N.E.2d 723, 729, *trans. denied.*

■ American States and Smith met their burden on summary judgment by introducing the insurance policy containing the limitation provision. The limitation, without more, entitled them to judgment as a matter of law. The Troxells could no longer rest upon their pleadings; rather, they were required to introduce evidence that, if believed, would entitle them to recover, such as proof of conduct by Art Smith sufficient to create an implied waiver of the contractual limitation. Unfortunately, the Troxells did not file a timely response to the motion for summary judgment and they do not now challenge the trial court order that struck their response and affidavits. Therefore, we hold that no issue of material fact exists with regard to American States' and Smith's liability under the insurance policy.

The Troxells next claim that, even if American States and Smith were entitled to summary judgment with regard to their claim on the insurance policy, the limitation clause does not bar them from pursuing other theories of recovery alleged in their complaint. The Troxells contend that their complaint contained allegations of fraud, willful negligence and negligence on behalf of American States and Smith.

■ We agree with the Troxells' basic assertion that the limitation clause would not apply to bar actions against American States or Smith that sound in tort and are not actions on the policy. The states are split with regard to whether limitation provisions contained in insurance policies are applicable to tort actions relating to the settlement of claims. *Compare Plant v. Illinois Employers Ins. of Wausau* (1984), 20 Ohio App.3d 236, 20 OBR 297, 485 N.E.2d 773 (court held that limitation clause did not bar action for breach of insurer's duty of good faith in the handling and payment of claims) with *Modern Carpet Industries, Inc. v. Factory Ins. Association* (1971), 125 Ga.App. 150, 186 S.E.2d

586 (court held that limitation clause barred an action for bad faith refusal to pay regardless of the form of the action because the right claimed had evolved from the written contract.); *See also* Annotation, *Policy provision limiting time within which action may be brought on the policy as applicable to tort action by insured against insurer,* 66 A.L.R. 4th 849 (1988). Indiana follows the former view. In *Wabash Valley Protective Union of Crawfordsville v. James* (1893), 8 Ind.App. 449, 451, 35 N.E. 919, 920, the court held that a contractual limitation clause was inapplicable to an insured's claim that its insurer fraudulently procured a settlement and compromise of the insured's claim. *Id.* The court reasoned that such an action was not an action on the policy or even an action on a contract; rather, the action sounded in tort. *Id.*

■ Despite our agreement with the above general proposition, the Troxells' contentions fail because they did not plead any theory of recovery sufficiently distinct from an action on the policy such that the limitation clause would not apply. The Troxells first argue that American States and Smith perpetrated a "fraud" against them. However, unlike the plaintiff in *Wabash Valley,* the Troxells have not alleged or shown facts giving rise to actionable fraud. The essential elements of actionable fraud are: 1) a misrepresentation of past or existing fact by the fraudfeasor; 2) which was false; 3) which the fraudfeasor knew to be false or made with reckless disregard to its truth or falsity; 4) upon which the plaintiff reasonably relied; and 5) and which harmed the plaintiff. *Scott v. Bodor, Inc.* (1991), Ind.App., 571 N.E.2d 313, 319. In their complaint, the Troxells did not allege any misrepresentation by American States or Smith, nor did they allege detrimental reliance. Their allegations with regard to Herbert Miller, while they may possibly state a claim against Miller for defamation or other torts, do not state a claim against American States and Smith for fraud.

■ The Troxells' complaint also alleges bad faith on the part of American States

and Smith. However, the Troxells concede that, although Indiana recognizes the existence of a duty on behalf of an insurer to deal in good faith with its insured, that duty is an implied contractual duty, the breach of which is not recognized as an independent tort. *Liberty Mutual Ins. Co. v. Parkinson* (1985), Ind.App., 487 N.E.2d 162, 164–165, *reh'g denied*, 491 N.E.2d 229, *trans. denied.* The Troxells' claims regarding the bad faith of American States and Smith are therefore governed by the contractual limitation.

The Troxells' remaining theory, that American States negligently investigated the fire and negligently failed to pay their claim, sets two lines of cases in apparent opposition to each other. The fact that Indiana does not recognize as an independent tort an insurer's bad faith failure to pay a claim suggests that there is also no separate action for the negligent failure to pay a claim. However, there is a line of cases which state that an action may be brought in contract or tort for the negligent performance of a contractual duty. *Orkin Exterminating Co., Inc. v. Walters* (1984), Ind.App., 466 N.E.2d 55, 58, *trans. denied; See also Flint & Walling Mfg. Co. v. Beckett* (1906), 167 Ind. 491, 499, 79 N.E. 503, 505; *Shriner v. Union Federal Savings and Loan Ass'n* (1955), 126 Ind.App. 454, 459, 125 N.E.2d 168, 169–170, *reh'g denied*, 126 Ind.App. 454, 126 N.E.2d 253, *trans. denied*, 235 Ind. 380, 133 N.E.2d 861.

■ We need not resolve this apparent conflict because we hold that the contractual limitation is applicable even if the Troxells' complaint does allege a cognizable negligence action against American States. In *Hearn v. Rickenbacker* (1987), 428 Mich. 32, 400 N.W.2d 90, a case the Troxells rely upon, the Supreme Court of Michigan reasoned that, although a contractual limita-

tion which refers only to actions "on the policy" does not cover collateral actions involving, in some measure, policy proceeds, such a limitation would apply to an action which is "truly contractual in nature and 'on the policy.'" 428 Mich. at 36–37, 400 N.W.2d at 92. The *Hearn* court emphasized the importance of distinguishing between actions arising "out of the contractual relationship" and actions "on the policy." 428 Mich. at 38, 400 N.W.2d at 93. In refusing to apply the contractual limitation, the court noted that the plaintiff did not allege negligence associated with the nonpayment of his claim, but rather with the handling of his premiums and policy purchase at a time prior to the loss. *Id.* Here, the essence of the Troxells' allegations against American States is the latter's failure to pay the Troxells' claim. Whether or not they may proceed formally in tort, the true nature of the Troxells' claim is the breach of a contractual duty. The limitation clause in the instant case, which, unlike that in *Hearn*, does not contain the limiting words "on the policy," is broad enough to cover the Troxells' claim regardless of whether that claim is phrased in the language of contract or tort.[1]

For the reasons stated, we affirm the grant of summary judgment.

AFFIRMED.

RUCKER and HOFFMAN, JJ., concur.

---

1. The trial court was also correct in granting summary judgment for Smith in his individual capacity. The Troxells apparently contend that Smith, as an insurance adjuster, had a *general* duty to represent their interests. We disagree. Smith was the agent of American States, and he had no direct relationship with the Troxells. *See Velastequi v. Exchange Insurance Co.* (1986),

132 Misc.2d 896, 505 N.Y.S.2d 779, 781–782 (defendant adjuster, who was agent of insurer and had no contractual relationship with insureds did not have duty to insureds to exercise ordinary care.) *But see Continental Ins. Co. v. Bayless & Roberts, Inc.* (1980), Alaska, 608 P.2d 281, 287–288 (adjuster owed insureds duty to exercise ordinary care.)