**David R. THIELE and Suzanne C. Thiele, Plaintiffs,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Ken Carmichael, Defendants.**

No. 2:97–CV–187–RL–1.

United States District Court, N.D. Indiana, Hammond Division.

Aug. 29, 1997.

Kenneth J. Allen, James E. Brammer, Valparaiso, IN, for Plantiffs.

Richard M. David, Valparaiso, IN, for Defendants.

1. The Court notes that curiously, Plaintiffs' brief supporting their motion to remand cites and discusses a brief by Defendants that was never filed with the Court. Defendants did, however,

## ORDER

LOZANO, District Judge.

This matter is before the Court on Plaintiffs' Motion to Remand and For Costs, filed on June 23, 1997. For the reasons set forth below, this motion is **DENIED.**

### BACKGROUND

This case pits two insureds against their insurer and one of its employees. Plaintiffs, David and Suzanne Thiele, bought a policy from Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"). Defendant, Ken Carmichael, is a State Farm employee. The basic question now before the Court is whether Plaintiffs have a viable claim against Carmichael; if they do, diversity jurisdiction is destroyed and the case must be remanded to state court.

Before the present case, Plaintiffs filed a similar case in state court against State Farm. State Farm removed that case here, and Plaintiffs voluntarily dismissed it. Plaintiffs next filed the present case in state court, this time adding Carmichael as a Defendant. Defendants removed the case here, and Plaintiffs moved for a remand, arguing that Carmichael's Indiana citizenship destroys diversity; Plaintiffs are Indiana citizens. Defendants argue that Plaintiffs have no viable claim against Carmichael and added him solely to destroy diversity and keep the case in state court.[1]

### DISCUSSION

"Diversity jurisdiction cannot be destroyed by joinder of nondiverse parties if such joinder is fraudulent." *Hoosier Energy Rural Elec. Co-op., Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994) (quoting *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir.1993)). If an ostensibly diversity-destroying party was fraudulently joined in state court, the defendant may still remove the case. *Id.* One type of "[f]raudulent joinder occurs when there is no possibility that a plaintiff can state a cause of action against [a] nondiverse defen-

file a brief responding to Plaintiffs' brief and motion. The Court believes it possible to rule properly on the record as it currently stands.

dant[ ] in state court." *Id.* (quoting *Gottlieb*, 990 F.2d at 327).

Plaintiffs' complaint alleges that both State Farm and Carmichael breached a duty of good faith and fair dealing in connection with denying a claim by one of the Plaintiffs under the underinsured motorist provision of the policy. Defendants argue that Plaintiffs have no possibility of recovering from Carmichael on this theory under Indiana law, meaning Carmichael was fraudulently joined and does not destroy diversity. The Court agrees.

■ The question presented by the parties' arguments is whether Indiana would allow an insured to sue an employee of the insurer for breach of the duty of good faith and fair dealing. Not long ago, the Indiana Supreme Court made clear that insureds may sue their insurers for breach of this duty. *Erie Ins. Co. v. Hickman,* 622 N.E.2d 515, 519 (Ind.1993). The claim is one in tort, but it is rooted in the special contractual relationship that exists between an insured and insurer. *See Erie,* 622 N.E.2d at 518–20. Indiana has not spoken affirmatively on whether insureds may sue individual employees of an insurer for breach of the duty. However, several factors strongly indicate that Indiana would not recognize such a claim.

■ As noted, the duty of good faith and fair dealing is rooted in the contractual relationship between insured and insurer created through the insurance policy, a contract. Because the duty arises from the contract, it should not be extended to persons like the insurer's employees who are not parties to the contract. An Indiana appellate case has suggested as much, albeit in pre-*Hickman* dicta. *Troxell v. American States Ins. Co.,* 596 N.E.2d 921, 925 n. 1 (Ind.Ct.App.1992).

Although Indiana has not squarely addressed whether an insured can sue the insurer's employee for breach of the duty, other jurisdictions have refused to allow such a claim. *E.g., Cavallini v. State Farm Mut. Auto. Ins. Co.,* 44 F.3d 256, 261–263 (5th Cir.1995); *Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 696 (Tex.1994); *Gruenberg v. Aetna Ins. Co.,* 9 Cal.3d 566, 108 Cal.Rptr. 480, 510 P.2d 1032, 1038–39 (1973). Although the exact origin and scope of the duty

may differ from jurisdiction to jurisdiction, all stress that the duty arises from the contractual relationship between insured and insurer, and that persons who are not party to the contract cannot be subjected to the duty. *See Cavallini,* 44 F.3d at 261–62; *Natividad,* 875 S.W.2d at 697; *Gruenberg,* 108 Cal.Rptr. 480, 510 P.2d at 1038–39.

Plaintiffs' attempt to distinguish such cases is not persuasive. They assert that the cases involved individual defendants who were independent contractors rather than employees of the insurer. Whether correct or not, this assertion makes no difference. The courts' essential reasoning was that persons who are not a party to a contract cannot be subject to a duty that has its origins in the contract. Whether Carmichael was State Farm's independent contractor or employee, he would still not be a party to the policy between Plaintiffs and State Farm.

Plaintiffs have not identified a single case that has extended the policy-based duty of good faith and fair dealing to a person or entity besides the insurer. Nor have Plaintiffs offered any facts showing that they and Carmichael have a special relationship, not rooted in the policy, that would justify placing a duty on Carmichael. *Cf. Natividad,* 875 S.W.2d at 701 (Gamage, J., dissenting) (making an argument that an adjusting company to which an insurer delegated total control for claims handling had a special relationship with the insureds); *William H. McGee & Co., Inc. v. Schick,* 792 S.W.2d 513, 521 (Tex.Ct.App.1990), *vacated on other grounds,* 843 S.W.2d 473 (Tex.1992) (similarly recognizing a special relationship in specific circumstances); *Travelers Ins. Co. v. Savio,* 706 P.2d 1258, 1272–74 (Colo.1985) (recognizing a breach-of-duty action by an employee against a workers' compensation carrier even though the carrier issued its policy to the employer).

■ The Court recognizes that the rule is often stated that only if "no possibility" exists for the plaintiff to succeed should the nondiverse defendant's joinder be deemed fraudulent. However, the Court believes this language should not be taken too literally. Boiled down, Plaintiffs' position is that because Indiana has not yet ruled out their

claim against Carmichael, it is still theoretically in. Granted, even when all indications from Indiana dicta and other jurisdictions' holdings is that a certain claim would not be recognized in Indiana, perhaps a theoretical possibility exists that the Indiana Supreme Court would go against the tide. However, the Seventh Circuit has suggested that the term "no possibility" really means "no reasonable possibility." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir.1992); *see Cavallini*, 44 F.3d at 262 n. 13 (speaking in similar terms). This Court believes that no reasonable possibility exists that an Indiana court would recognize Plaintiffs' claim that Carmichael, an employee of Plaintiffs' insurer, is subject to the duty of good faith and fair dealing.

*CONCLUSION*

For the foregoing reasons, Plaintiffs' Motion to Remand and For Costs is **DENIED.**