In the

# United States Court of Appeals

## For the Seventh Circuit

_____

Nos. 20-3163, 21-1288 & 21-2196

LEGEND'S CREEK HOMEOWNERS ASSOCIATION, INC.,

*Plaintiff-Appellant*,

*v.*

TRAVELERS INDEMNITY COMPANY OF AMERICA,

*Defendant-Appellee*.

_____

Appeals from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:18-cv-02782 — **Tanya Walton Pratt**, *Chief Judge*.

_____

ARGUED JANUARY 18, 2022 — DECIDED MAY 10, 2022

_____

Before MANION, BRENNAN, and JACKSON-AKIWUMI, *Circuit Judges*.

MANION, *Circuit Judge*. This appeal arises from an insurance contract dispute between Legend's Creek Homeowners Association and Travelers Indemnity Company of America, and centers on a provision that required Legend's Creek to bring any "legal action" against Travelers within two years of the date of damage to its insured property.

In September 2016, Legend's Creek filed a claim with Travelers for hail and wind damage that had occurred in May of that year to the north-facing sides of insured condominium buildings.[1] Legend's Creek retained public adjuster Kris Kassen to discuss the claim with Travelers' agent Steven Knopp.

Between filing and June 2018, Knopp and Kassen worked out the scope and cost of the damages under the insurance policy. Initially, they agreed on repair of the north-facing sides of the condominium buildings. Travelers issued a $644,674.87 check to effect that process only two months after receiving notice of the damage. But in January 2017, Kassen informed Knopp that the repairs were unacceptable. Travelers investigated and submitted additional checks of $238,766.88 and $28,438.02 for further repairs. In response, Kassen told Knopp that the repairs were insufficient; the north-facing sides had to be completely replaced.

Travelers agreed and, in February 2018, submitted an estimate of the cost to replace the north-facing sides and paint them to match the undamaged sides. Less than three weeks before the contractual deadline to bring a legal action, however, Kassen demanded that Travelers replace all sides of the condominium buildings because the new sides did not match to his satisfaction the undamaged ones. After reviewing this request, Knopp denied it in June. He informed Kassen that Travelers would only replace the damaged north-facing sides and paint them to match.

---

[1] The claim also encompassed damage to the roofs and gutters of the insured premises. Travelers issued payments for this damage. The parties do not dispute this part of the claim.

In response, Legend's Creek sued, charging Travelers with breach of contract and bad faith. Travelers moved for summary judgment, arguing that the lawsuit was brought outside the two-year contractual window to bring a legal action. Shortly thereafter, Legend's Creek moved to compel Travelers to submit to an appraisal provision in the insurance policy. The magistrate judge granted the motion and compelled appraisal for discovery purposes.[2] The appraiser granted an "award" to Legend's Creek based on the mismatched sides. But ultimately, the district court judge granted the motion for summary judgment on the contract and bad faith claims and determined that the so-called appraisal award was invalid. Legend's Creek appeals both issues.

Summary judgment is appropriate when there is no dispute of material fact, and the moving party is entitled to judgment as a matter of law. *Miller v. Chi. Transit Auth.*, 20 F.4th 1148, 1155 (7th Cir. 2021). We review *de novo. Id.* Under Indiana law, which everyone agrees applies here, one-year contractual deadlines to bring a lawsuit are routinely enforced. *E.g., Summers v. Auto-Owners Ins. Co.*, 719 N.E.2d 412, 416-17 (Ind. Ct. App. 1999). That being so, we can safely conclude that more generous deadlines are also acceptable. Since Legend's Creek filed its lawsuit against Travelers in July 2018, 26 months after the damage occurred in May 2016, the lawsuit fell outside the two-year window. Were that the whole story,

---

[2] Over Travelers' objection, the magistrate judge ordered appraisal for the limited purpose of discovery and not to definitively settle any outstanding legal issues in the case. He thought that "an appraisal could help in the fact-finding, and hopefully settlement discussions, while preserving any legal arguments, coverage, or otherwise, that Travelers believes precludes its liability."

there'd be no dispute that summary judgment would have been appropriate.

But Indiana law has a few exceptions to the general rule of strictly enforcing a suit deadline, and Legend's Creek seeks to invoke some. First, Legend's Creek contends that the contract in this case was ambiguous because it required "full compliance with the terms" of the insurance policy, along with the obligation to bring a legal action within two years of the date of damage. In particular, the policy required Legend's Creek to cooperate with Travelers in the investigation and settlement of the claim. In Legend's Creek's reading, the policy makes it impossible for an insured to initiate legal action against the insurer in situations where the claim investigation takes more than two years.

Whatever weight such a concern might generally have, it has little relevance here. Legend's Creek points to no term in the policy that it did not or could not have abided by within the two-year window. *Cf. State Farm Mutual Auto. Ins. Co. v. Jakubowicz*, 56 N.E.3d 617, 623 (Ind. 2016) (finding an insurance policy ambiguous when it contained a contractual deadline to bring a lawsuit and obliged the insured to comply with an exhaustion requirement beyond his control). Rather, Legend's Creek and Travelers consistently cooperated in the claims process and interacted with reasonable expediency. At any time before the deadline, Legend's Creek could have filed a lawsuit regarding the claim. That Knopp finally denied one of Kassen's numerous requests outside the two-year window is of no moment; there had been full compliance with the terms of the policy beforehand, so Legend's Creek could have brought a legal action before the deadline. Though Legend's Creek may not have had a reason to litigate in that period, that

doesn't render the policy requirements incomprehensible or its obligations impossible.

Legend's Creek next argues that Travelers was obliged to warn that it might rely on the policy's suit limitation, and that the failure to do so amounted to waiver. So far, Indiana courts have not required an insurer to notify an insured that it intends to rely on express contractual provisions—rather they appear to reject that principle. *Auto-Owners Ins. Co. v. Hughes*, 943 N.E.2d 432, 435 (Ind. Ct. App. 2011); *Stateman Ins. Co. v. Reibly*, 371 N.E.2d 414, 416 n.4 (Ind. Ct. App. 1978). Perhaps realizing this, Legend's Creek marshals various cases in which Indiana courts have held that insurers waived contractual deadlines. But those cases are inapposite as none establish an unqualified duty to speak.

For example, in *Summers v. Auto-Owners Ins. Co.*, 719 N.E.2d at 415, the Indiana Court of Appeals determined that insurers can waive contractual limitation periods if they do something that "would cause the insured to reasonably believe the limitation period will not be insisted" on. This has less to do with duty to speak and more with implicit waiver, which Legend's Creek also argues occurred here. But as for a duty to speak, we find no support in Indiana law for requiring an insurer to inform an insured that it intends to rely on contractual suit limitation deadlines, and Legend's Creek cites none.

As mentioned, Legend's Creek tries to make waiver salvage its case. It contends that Knopp negotiated with Kassen past the deadline and that this act waived the contractual limitation. But that's not how the claims process unfolded here. Knopp granted the original claim and continued to grant Kassen's supplemental requests throughout their interaction.

Knopp only disagreed with Kassen's final request that Travelers replace all the undamaged sides of the condominium buildings. But this was not a negotiation. It was an eleventh-hour request that Knopp denied after relatively prompt review. There was no ongoing discussion about cost or scope that Knopp prolonged past the deadline. So this argument does not line up with the facts of this case. *Cf. Huff v. Travelers Indem. Co.*, 363 N.E.2d 985, 992 (Ind. 1977) (holding that there was sufficient evidence to support a jury finding of implicit waiver where the parties negotiated the *same* claim for over a year and past the contractual deadline); *Schafer v. Buckeye Union Ins. Co.*, 381 N.E.2d 519, 523 (Ind. Ct. App. 1978) (holding that waiver applies where an insurer "does not deny coverage or liability, and proceeds to negotiate with the insured toward settlement of the claim").

Legend's Creek next argues that Travelers waived strict compliance with the suit limitation provision when Knopp failed to answer an email from Kassen asking about a deadline to apply for "replacement cost benefits." There was no deadline in the policy for requesting replacement cost benefits. It's unclear how Knopp's failure to respond to a request about a non-existent deadline could have made Kassen believe that Travelers would not insist on an actual deadline. Furthermore, the fact that Kassen inquired about deadlines suggests he thought that Travelers *would* insist on contractual deadlines. And even if Kassen had asked about the suit limitation and received no answer, we don't see why that would have made him reasonably believe that Travelers waived the provision. For example, were a college student to ask a professor to extend a paper deadline and receive no answer, common sense tells us that no extension was granted and that the original deadline remained.

In any case, we find Legend's Creek's position here somewhat hard to credit. In the course of discovery, Travelers found out that Kassen, as early as February 2018, expected the new sides not to match the undamaged sides to his satisfaction. Despite this, he did not discuss this prediction with Knopp. In Kassen's words to the Legend's Creek Board, the claims process was a "game of chess." His plan was to let Travelers replace the north-facing sides and then argue thereafter that the purported mismatch required Travelers to replace and paint the rest of the sides. To "win this game," Kassen told the Board, they had to stay "several turns ahead of Travelers." Unfortunately for Legend's Creek, it lost the game because Kassen failed to foresee that Travelers might checkmate it by raising the contractual suit limitation. Had Kassen been upfront with Knopp in February 2018, it would likely have received Travelers' denial within the two-year limitation period.[3] Such is the price of gamesmanship.

As for the appraisal process and award, the district court properly disposed of them. During the litigation, Legend's Creek filed a motion to compel Travelers to submit to appraisal procedures contained in the policy. The magistrate judge granted that motion because he thought it might provide useful information on potential damages but noted that it did not prevent Travelers from raising any defenses. The appraiser determined that Travelers owed Legend's Creek for the mismatch between the new and undamaged sides, and calculated the cost to Travelers. In the summary judgment

---

[3] Legend's Creek also claims that Travelers acted in bad faith. Under Indiana law, a party cannot be liable for bad faith without contractual breach. *Troxell v. Am. States Ins. Co.*, 596 N.E.2d 921, 925 (Ind. Ct. App. 1992).

order, the district court judge ended the appraisal process and determined that the award was invalid. We agree. The two-year deadline applied not only to contractual claims, but to any "legal action." A motion to compel appraisal falls under this category. It would be nonsensical to conclude that Legend's Creek's lawsuit was barred as untimely under the contract, but not the motions filed within that lawsuit. Accordingly, Legend's Creek had no right under the policy to petition the district court to compel Travelers to submit to the appraisal process outside the two-year suit limitation, and therefore the so-called award is void. Since Legend's Creek raised this argument in a motion for reconsideration, we review for abuse of discretion. *See Sandy Point Dental, P.C. v. Cin. Ins. Co.*, 20 F.4th 327, 335 (2021). We find none in this matter.

Finally, Legend's Creek argues that the suit limitation period should be tolled in equity according to *Continental Ins. Co. v. Thornburg*, 219 N.E.2d 450 (Ind. Ct. App. 1966). We disagree. *Continental* stands for the limited proposition that courts can toll suit limitation periods when the insurer engages in conduct that induces the insured to refrain from filing a lawsuit. For the reasons outlined above, such circumstances did not obtain here.

The district court provided thorough opinions explaining why summary judgment was appropriate and the appraisal award invalid. Having reviewed the briefs and relevant law, we see no reason to disagree with its judgment.

AFFIRMED