HEARN v RICKENBACKER

Docket No. 76415. Argued October 9, 1986 (Calendar No. 17). Decided February 6, 1987.

William A. Hearn, Jr., brought an action in the Wayne Circuit Court against Floyd W. Rickenbacker, an insurance agent, and the Michigan Basic Property Insurance Association, alleging breach of contract in refusing to pay a claim for damages to his commercial property as a result of a fire, fraud on the basis of the actions and misrepresentations of Rickenbacker, and negligence. The court, Patrick J. Duggan, J., granted accelerated judgment for the defendants on the basis of a one-year limitation provision in the insurance contract on the bringing of actions on the policy. The Court of Appeals, GRIBBS, P.J., and D. E. HOLBROOK, JR., and LAMBROS, JJ., affirmed with regard to the breach of contract claim, but reversed with regard to the fraud and negligence claims, holding that the tort claims were independent of the contract of insurance and not limited by the twelve-month limitation period provided under the contract (Docket No. 72433). The Association appeals.

In an opinion by Justice BRICKLEY, joined by Chief Justice RILEY, and Justices LEVIN, CAVANAGH, BOYLE, and ARCHER, the Supreme Court *held:*

Where fraud and negligence claims are pled as causes of actions separate and distinct from an alleged breach of a contract of insurance, they are governed by applicable statutory limitations, rather than by limitation provisions contained in the contract.

1. The nature of the right sued upon, not the form of the action or the relief demanded, determines the applicability of a statute of limitations. Tort liability of an insurer does not arise from its mere obligation to perform a contractual duty; rather, the liability arises from the breach of the positive duty imposed

REFERENCES

Am Jur 2d, Insurance §§ 1876 *et seq.*

Fraud, misrepresentation, or deception as estopping reliance on statute of limitations. 43 ALR3d 429.

Validity of contractual time period, shorter than statute of limitations, for bringing action. 6 ALR3d 1197.

by law because of the relationship of the parties. Although a contract of insurance may be one source of an insurer's obligation to pay a claim of loss, the insurer also may be held liable for tortious conduct that is wholly separate from its purely contractual duties.

2. In this case, all three claims arose out of the plaintiff's contractual relationship, but only the breach of contract claim is subject to the limitation provided in the policy. The fraud and negligence claims are based on actions falling outside the policy. The alleged negligence is not associated with nonpayment of the plaintiff's claim, but, rather, with the handling of his premiums and policy purchase generally at a time prior to the fire loss. Nor is the alleged claim of fraud an action on the policy; it is a cause of action in tort that arose when the fraud occurred. Accelerated judgment as to those counts thus was inappropriate.

Affirmed.

Justice GRIFFIN took no part in the decision of this case.

140 Mich App 525; 364 NW2d 371 (1985) affirmed.

INSURANCE — LIMITATION OF ACTIONS — POLICY OF LIMITATIONS — CONTRACTS — FRAUD — NEGLIGENCE.

Where fraud and negligence claims are pled as causes of actions separate and distinct from an alleged breach of a contract of insurance, they are governed by applicable statutory limitations, rather than by limitation provisions contained in the contract.

*Thomas Lazar* for the plaintiff.

*Klemanski & Gordon, P.C.* (by *John D. Honeyman*), for defendant Michigan Basic Property Insurance Association.

BRICKLEY, J.

I

This suit arises out of a commercial property fire loss. Because the action was dismissed on the defendant's motion for accelerated judgment, GCR 1963, 116.1(5) (MCR 2.116[C][7]), the facts well-pleaded by the plaintiff and the reasonable infer-

ences therefrom must be considered most favorably toward the plaintiff. *Williams v Polgar,* 391 Mich 6, 11; 215 NW2d 149 (1974).

Defendants are the insurance agent, Floyd W. Rickenbacker, doing business as Rickenbacker & Associates,[1] and Michigan Basic Property Insurance Association, the insurer. On May 22, 1980, the Association issued a fire and theft insurance policy to the plaintiff upon receipt of a deposit premium and application. The policy's effective date was May 23, 1980.

The Association alleges that on June 27, 1980, it issued a letter to the plaintiff informing him that the premium balance was due and allowing fifteen days for payment. The Association further maintains that it received no response to its notice to the plaintiff on July 25, 1980, that the policy would be canceled on August 24, 1980. The Association refunded a portion of plaintiff's deposit on August 13, 1980.

The plaintiff alleges that the defendant Rickenbacker tendered only one-half of the premium to the Association and that the agent did not notify the plaintiff of the Association's notice, cancellation, or refund. Plaintiff asserts that he, being unaware of any cancellation, paid a further premium to defendant Rickenbacker in early October, 1980, in order to keep the original policy in effect. The fire loss occurred on October 20, 1980.

The Association refused to pay plaintiff's claim on December 5, 1980, alleging that the policy had been canceled and not reinstated until October 21, 1980. That denial was reaffirmed in a formal hearing January 14, 1981. Plaintiff filed suit on July 6, 1982, more than one year after the Association's

---

[1] Mr. Rickenbacker is now reportedly deceased. Plaintiff seeks to impute much of the agent's liability to the Association on a theory of vicarious liability.

formal refusal to pay. See *Ford Motor Co v Lumbermens Mutual Casualty Co,* 413 Mich 22, 38; 319 NW2d 320 (1982) (period of limitation runs from date of loss, but is tolled from the time insured gives notice until insurer formally denies liability).

Plaintiff's complaint set forth three counts. The first count was based on defendant's refusal to pay the claim, an alleged breach of contract. The second count alleged fraud, on the basis of the actions and misrepresentations of Mr. Rickenbacker, said to be an agent of the Association. Finally, count three was grounded in negligence, and focused on the defendants' breach of various duties alleged to be owed to the plaintiff.

On April 23, 1983, the trial court granted defendant's motion for accelerated judgment, dismissing count I. The court relied on the one-year limitations provision contained in the policy, and in the Michigan Standard Policy set forth in MCL 500.2832; MSA 24.12832. Finding the same provision applicable to counts II and III, the trial court also dismissed those counts by accelerated judgment on June 23, 1983. Plaintiff appealed to the Court of Appeals.

The Court of Appeals affirmed the trial court's order as to the breach of contract claim, but reversed as to the fraud and negligence claims. Noting that the issue is one of first impression in Michigan, the Court of Appeals held "that the tort claims are independent of the contract of insurance and not limited to the twelve-month limitation period." *Hearn v Rickenbacker,* 140 Mich App 525, 527; 364 NW2d 371 (1985).

We agree that where fraud and negligence claims are pleaded as causes of action separate and distinct from an alleged breach of contract, they should be governed by the applicable statutory limitations, rather than by the limitations

provision contained in the contract of insurance. The grant of accelerated judgment as to counts II and III was thus inappropriate.

## II

The contractual limitations provision in question reads:

> No suit or action *on this policy* for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss. [MCL 500.2832; MSA 24.12832 (lines 157-161). Emphasis supplied.]

The question presented is whether the plaintiff's fraud and negligence counts amount to actions "on this policy" for purposes of applying the twelve-month limitation period. This is an issue of first impression in this Court, and courts of other jurisdictions have offered mixed responses to the same question, presented in varying factual contexts.

The two lines of authority may be summarized. The general rule appears to be that

> [w]here a contractual limitation refers only to actions upon a policy, it does not necessarily refer to different or collateral actions involving, in some measure, the policy proceeds. [20A Appleman, Insurance Law & Practice, § 11603, pp 452-453; *Florsheim v Travelers Indemnity Co,* 75 Ill App 3d 298, 309; 393 NE2d 1223 (1979).]

However, Appleman also notes that "a strong line of authority" holds

> that any form of action, growing out of the contract, is governed by the limitation provision contained in the policy. [*Id.,* p 456.]

Although we find the former rule applicable in the case at bar, it is not to say that the one-year limitations provision will not also be applied where a plaintiff's claim is truly contractual in nature and one "on [the] policy."

In assessing whether Mr. Hearn's claims of fraud and negligence are actions on the policy, we would apply the rule articulated in *Richardson v Allstate Ins Co,* 117 Cal App 3d 8, 12; 172 Cal Rptr 423 (1981):

> [T]he nature of the right sued upon, not the form of action or the relief demanded, determines the applicability of the statute of limitations.

Similarly, in *Plant v Illinois Employers Ins of Wausau,* 20 Ohio App 3d 236, 237-238; 485 NE2d 773 (1984), the case relied on by the Court of Appeals, the court noted that tort liability

> does not arise from . . . [the insurer's] mere omission to perform a contract obligation . . . . Rather, the liability arises from the breach of the positive legal duty imposed by law due to the relationships of the parties. [Brackets in original. Quoting *Hoskins v Aetna Life Ins Co,* 6 Ohio St 3d 272, 276; 452 NE2d 1315 (1983).]

It thus found the tort claim to be independent of the insurance contract and not subject to the limitations provision in the policy.

Although the tort alleged in *Plant* was for breach of the insurer's duty to act in good faith in the handling and payment of claims, a tort not recognized in this state, *Kewin v Massachusetts Mutual Life Ins Co,* 409 Mich 401, 423; 295 NW2d 50 (1980), that fact should not obscure the applicability of the Ohio court's finding. Plaintiff *Hearn* did not allege in his complaint, nor does he now advocate the adoption of, the tort of breach of good

faith.[2] Moreover, we do not interpret the Court of Appeals opinion as favoring the creation of such a tort.

It is important to distinguish an action "arising out of the contractual relationship" and one "on the policy." See *Murphy v Allstate Ins Co,* 83 Cal App 3d 38, 49; 147 Cal Rptr 565 (1978). While all three of plaintiff Hearn's counts may be said to have arisen out of his contractual relationship with the defendants, only the first one is an action on the policy.

Plaintiff Hearn's fraud and negligence counts, like certain claims in *Austin v Fulton Ins Co,* 444 P2d 536, 538 (Alas, 1968), are not actions "on this policy." In *Austin,* the Alaska Supreme Court distinguished plaintiff's claims based on estoppel and seeking reformation of the contract, on the one hand, from those alleging breach of warranty, amounting to misrepresentation and negligence, on the other. Regarding the latter two claims, the court held that the plaintiff's

> reliance is placed on matters outside the policies of insurance, and therefore his action against appellees is not one "on this policy," within the meaning of the limitation contained in the policies, and such twelve-month period of limitation has no application here. [*Id.*]

---

[2] The tort has been adopted in California and amounts to the breach of "a duty not to withhold unreasonably payments due under a policy." *Murphy v Allstate Ins Co,* 83 Cal App 3d 38, 49; 147 Cal Rptr 565 (1978). That court further described the tort:

> Where [an insurer, in discharging its contractual responsibilities,] fails to deal fairly and in good faith with its insured by refusing, without proper cause, to compensate its insured for a loss covered by the policy, such conduct may give rise to a cause of action in tort for breach of an implied covenant of good faith and fair dealing. [*Id.*]

The conduct giving rise to the torts alleged in the instant case occurred prior to the making of the claim.

Likewise, Mr. Hearn's allegations regarding his fraud and negligence claims are based on actions falling outside the policy of insurance. He is not alleging negligence associated with nonpayment of his claim, but, rather, with the handling of his premiums and policy purchase generally, at a time prior to the fire loss. See *McCarty v First of Georgia Ins Co*, 713 F2d 609, 612 (CA 10, 1983) ("The gravamen of the tort theory is not the continuing refusal to honor the claim . . .").

As the Court of Appeals has observed in the past, the relationship between insurers and their insureds is "sufficient to permit fraud to be predicated upon a misrepresentation." *Drouillard v Metropolitan Life Ins Co*, 107 Mich App 608, 621; 310 NW2d 15 (1981) (quoting *Bolden v John Hancock Mutual Life Ins Co*, 422 F Supp 28, 31-32 (ED Mich, 1976). An action for fraud is not an action on the policy; it is an action in tort that arose when the fraud was perpetrated. See *Asher v Reliance Ins Co*, 308 F Supp 847, 853 (ND Cal, 1970);[3] *Wabash Valley Protective Union v James*, 8 Ind App 449, 450; 35 NE 919 (1893).

The same reasoning applies to the plaintiff's negligence claims. If the defendant has breached a legal duty owed to the plaintiff apart from the contract of insurance, then there may be liability in tort.

> [A] mere contract obligation may establish no relation out of which a separate and specific legal duty arises, and yet extraneous circumstances and

---

[3] As in *Asher*, the fraud alleged in the instant case occurred prior to the claim for losses. See *id.*, p 851. We express no opinion on the question whether allegations of fraud in the settlement of a claim would amount to an action on the policy. Likewise, an allegation of negligence in an insurer's failure to adjust presents a different situation, which we do not address here. See *Barrow Development Co v Fulton Ins Co*, 418 F2d 316, 319 (CA 9, 1969).

conditions in connection with it may establish such a relation as to make its performance a legal duty, and its omission a wrong to be redressed. The duty and the tort grow out of the entire range of facts of which the breach of the contract was but one. [*Oliver v Perkins,* 92 Mich 304, 317; 52 NW 609 (1892).]

Plaintiff Hearn has alleged the breach of duties existing independent of and apart from the contractual undertaking. Although mere allegations of failure to discharge obligations under the insurance contract would not be actionable in tort, *Kewin, supra,* p 423, where, as here, the breach of separate and independent duties are alleged, plaintiff should be allowed an opportunity to prove his causes of action.[4]

We cannot agree with courts that find all suits evolving from a contract of insurance to be "action[s] on the policy" for purposes of applying the limitations provision. See *Modern Carpet Industries, Inc v Factory Ins Ass'n,* 125 Ga App 150, 151; 186 SE2d 586 (1971); *Skrupky v Hartford Fire Ins Co,* 55 Wis 2d 636, 642; 201 NW2d 49 (1972) ("If a party chooses to call his cause of action misrepresentation, fraud, breach of warranty, negligence or mistake, the terms of the policy as they are or should have been still control the obligation of the insurer to pay for the loss").

The fact that a lawsuit seeks to recover a loss that was covered by an insurance policy, alone, should not dictate the nature of a plaintiff's claims and the applicable limitations period. But cf. *Martin v Liberty Mutual Fire Ins Co,* 97 Wis 2d 127, 132; 293 NW2d 168 (1980) ("An action to collect

---

[4] The viability of plaintiff's specific tort causes of action have not been considered below, and we do not address, for example, the sufficiency of plaintiff's claims of legal duty.

for a loss is, by its very nature, an action on the policy . . .”). Although the contract of insurance may be one source of the insurer's obligation to pay the loss, the insurer may also be held liable for tortious conduct that is wholly separable from its purely contractual duties.

We agree with the Wisconsin Court of Appeals that

> [t]o conclude . . . that because the dispute . . . would not have arisen in the absence of the policy, the action must be "on the policy" within the meaning of the statute, would render the phrase, and the statute, meaningless. [*Picus v Copus,* 127 Wis 2d 359, 363; 379 NW2d 341 (1985) (plaintiffs were not the insureds).]

If the limitations provision in question were intended to cover all suits "for the recovery of any claim," then the preceding words, "on this policy," would have been superfluous.

Thus, we hold that, on the facts of this case and as pleaded in plaintiff's complaint, the counts for fraud and negligence are not "actions on this policy" for purposes of applying the limitations provision contained in the policy of insurance. Accelerated judgment as to those counts was thus inappropriate. It goes without saying that other facts and less well-pleaded causes of action might necessitate a different result. See *Bolden v John Hancock Mutual Life Ins Co, supra* (identical arguments in alternative theoretical forms, one valid and one imaginative, should not be encouraged).

The judgment of the Court of Appeals is affirmed.

RILEY, C.J., and LEVIN, CAVANAGH, BOYLE, and ARCHER, JJ., concurred with BRICKLEY, J.

GRIFFIN, J., took no part in the decision of this case.