Michael L. **WENDT**, Plaintiff–Appellee,

v.

**WHITE PIGEON MUTUAL INSUR-
ANCE ASSOCIATION,**
Defendant–Appellant.

No. 87–129.

Court of Appeals of Iowa.

Nov. 30, 1987.

David L. Scieszinski, Wilton, for defendant-appellant.

Stuart Werling of Werling & Cochran, Tipton, for plaintiff-appellee.

Considered by DONIELSON, P.J., and SCHLEGEL and HAYDEN, JJ.

HAYDEN, Judge.

Defendant, White Pigeon Mutual Insurance Association (White Pigeon), appeals the trial court judgment against it in the amount of $7,200. White Pigeon asserts the trial court erred in holding it was precluded by the doctrine of estoppel from asserting the defense of the statute of limitations. We affirm.

On May 16, 1983, a fire destroyed the farm house rented by Mr. Wendt. Mr. Wendt had rented an apartment just prior to the fire because he and his wife had separated. Most of his personal property was at the farm house and was destroyed. Mr. Wendt sought to obtain insurance proceeds for the lost personal property under an accidental fire insurance policy with White Pigeon. White Pigeon initially denied coverage since Mr. Wendt's estranged wife, Lori, had been arrested and charged with arson in the destruction of the farm house. She was acquitted of the charge in December 1983. At this point the facts became disputed.

Mr. Wendt testified he talked to Max Phelps, his White Pigeon agent, in March 1984 and was told it would not be necessary for him to sue to collect on his policy. Mr. Phelps denied having given this assurance. Mr. Wendt further testified he talked to Phillip Madden, secretary-treasurer and manager of White Pigeon, around May 16, 1984, the expiration date for the one-year limitation period provided by the policy and mandated by Iowa Code section 515.138. He stated he was told by Mr. Madden he was only entitled to the ten percent off-premises insurance coverage, since he was living in an apartment and not the farm house at the time of the fire. Mr. Madden placed the date of this conversation as January 19, 1984. Mr. Wendt also testified this conversation was when he first learned the resolution of the criminal charges against Lori in December would not resolve his claim for the full coverage of $7,500. White Pigeon contends he had notice before May 16, 1984, of its position regarding limitation of his coverage. It is undisputed Mr. Wendt was paid $300 by White Pigeon just after the fire as partial payment under the policy.

Mr. Wendt ultimately filed suit on May 21, 1984, against Phelps Insurance Agency as agent for White Pigeon. On June 6, 1984, he filed a motion to amend his petition to state White Pigeon was the real party in interest and he sought no judgment from Phelps Insurance Agency. He also filed a separate petition against White Pigeon that day. The two cases were combined by the trial court.

The trial court found White Pigeon had indicated to Mr. Wendt his claim would be paid after a favorable disposition of the arson charge. The court also found the agents of White Pigeon who made the indi-

cations knew Mr. Wendt relied on their statements. In so relying, the court found Mr. Wendt did not discover until at least January 1984 that White Pigeon believed its liability was limited to the ten percent off-premises coverage. Additionally, the court found Mr. Wendt did not discover until even later this was White Pigeon's final offer. Finally, the court found, due to his reliance, Mr. Wendt did not file his petition until five days after the limitation period had expired. The trial court concluded the doctrine of equitable estoppel applied to prevent White Pigeon from benefiting from lulling Mr. Wendt into a false sense of security resulting in his prejudice.

■ This was a law action tried to the court and is therefore reviewed for corrections of error of law. Iowa R.App.P. 4. The trial court's findings of fact are binding on us if supported by substantial evidence. Iowa R.App.P. 14(f)(1). These findings have the force of a special verdict; thus, we view the evidence in the light most consistent with the judgment. *R.E.T. Corp. v. Frank Paxton Co., Inc.*, 329 N.W. 2d 416, 419 (Iowa 1983). However, we do not defer to the trial court's determinations of law. *Blunt, Ellis & Loewi, Inc. v. Igram*, 319 N.W.2d 189, 192 (Iowa 1982).

■ We note that under proper circumstances equitable estoppel may preclude a limitation of action defense. *DeWall v. Prentice*, 224 N.W.2d 428, 430 (Iowa 1974). However, before the doctrine may be successfully invoked, the existence of the essential elements of such an estoppel must be shown. *Id.* The essential elements of equitable estoppel or estoppel *in pais*, as noted by the trial court, are: (1) a false representation or concealment of material facts; (2) lack of knowledge of true facts on the part of the actor; (3) intention of the party making the representation that the actor act upon the representation; and (4) reliance thereon by the actor to his prejudice and injury. *Walters v. Walters*, 203 N.W.2d 376, 379 (Iowa 1973). We address the presence of these elements in this case in the order presented.

■ The representation to Mr. Wendt his claim would be paid following a favorable disposition of the arson charge was obviously false, since White Pigeon believed its liability actually was limited to ten percent off-premises coverage. The representation was material in that a reasonable person would attach importance to it in making a decision regarding the need to engage counsel or take any other affirmative steps to obtain his insurance proceeds. *See Sedco International, S.A. v. Cory*, 522 F.Supp. 254, 323 (S.D.Iowa 1981).

It is not disputed Mr. Wendt had no knowledge initially that White Pigeon did not intend to pay his claim as soon as the arson charge against his wife was resolved.

Although there is no evidence White Pigeon purposefully made the false statement intending Mr. Wendt to rely upon it, if the misrepresentation was recklessly made, such intent will be implied. *Cf. Grefe v. Ross*, 231 N.W.2d 863, 867 (Iowa 1975) (regarding intent to deceive in the context of an action for fraud). White Pigeon knew, or should have known, Mr. Wendt would rely on its assurances his claim would be paid after the arson charge was resolved. We conclude these assurances were recklessly made and therefore White Pigeon impliedly intended Mr. Wendt to rely upon them.

Mr. Wendt relied on these assurances to his prejudice. He took no action to assert his rights against White Pigeon under the belief such action was unnecessary. His inaction ultimately resulted in the late filing of his petition.

We conclude the trial court did not err in invoking the doctrine of equitable estoppel to preclude White Pigeon's limitation defense. Having reached this conclusion, we need not decide whether the filing of the petition merely five days after the limitation period ended constituted substantial compliance with the insurance policy provisions pursuant to *Hoekstra v. Farm Bureau Mut. Ins. Co.*, 382 N.W.2d 100, 106 (Iowa 1986).

AFFIRMED.