FREMONT MUTUAL INSURANCE COMPANY v MICHIGAN
BASIC PROPERTY INSURANCE ASSOCIATION

Docket No. 103070. Submitted April 19, 1988, at Grand Rapids.
Decided June 10, 1988.

On April 16, 1983, property insured by the Michigan Basic
Property Insurance Association was destroyed by fire. On June
22, 1983, Michigan Basic denied a request for contribution
made by Fremont Mutual Insurance Company, which had also
insured the property. On December 18, 1986, Fremont Mutual
brought an action against Michigan Basic in the Newaygo
Circuit Court for contribution on what was paid for the fire
damage. The court, Terrence R. Thomas, J., granted summary
disposition for defendant based on the one-year statute of
limitations. Plaintiff appealed.

The Court of Appeals *held:*

An action by one insurer against another for contribution for
fire damage to property insured by the defendant is an action
on the policy to which the one-year statute of limitations
applies.

Affirmed.

LIMITATION OF ACTIONS — INSURANCE — CONTRIBUTION.

An action by one insurer against another for contribution for fire
damage to property insured by the defendant is an action on
the policy to which the one-year statute of limitations applies
(MCL 540.2832; MSA 24.12832).

*Denenberg, Tuffley, Bocan, Jamieson, Black,
Hopkins & Ewald, P.C.* (by *William J. Ewald* and
*Martin L. Ditkof*), for plaintiff.

*Klemanski & Honeyman, P.C.* (by *John D. Hon-
eyman*), for defendant.

REFERENCES

Am Jur 2d, Contribution §§ 100 *et seq.*

Am Jur 2d, Insurance §§ 1792, 1793, 1876 *et seq.*

When statute of limitations commences to run against claim for
contribution or indemnity based on tort. 57 ALR3d 867.

Before: WEAVER, P.J., and MCDONALD and W. R. PETERSON,* JJ.

PER CURIAM. The plaintiff insurer appeals as of right from the circuit court's order of summary disposition entered in favor of the defendant insurer under MCR 2.116(C)(7) and (10). We affirm.

I

On September 26, 1982, the defendant insurer issued a fire insurance policy in the amount of $32,000, protecting the interests of Mr. and Mrs. Norman Kingslien in a certain property in Newaygo. On April 7, 1983, the Kingsliens sold the premises to Mr. and Mrs. William Martin by land contract, securing a principal balance of $33,000. Also on April 7, 1983, plaintiff insurer issued a fire insurance policy on the same premises protecting the Martin interest, the Kingslien interest and the interest of the legal title holder, Jane Ozdowy, to the extent of $36,000.

The premises were damaged by fire on April 16, 1983. No claim was made against defendant insurer by the Kingsliens. However, plaintiff insurer made a claim against defendant insurer requesting proration under the standard fire insurance policy, MCL 500.2832; MSA 24.12832. Defendant insurer denied this claim on June 22, 1983. Thereafter, plaintiff insurer paid $34,150 to the Martins, Kingsliens and Ozdowy in August and September of 1983. Plaintiff insurer filed suit for proration on December 18, 1986, demanding $17,075, or one-half of what plaintiff insurer had paid for the fire damage.

On cross motions for summary disposition, the trial court granted summary disposition in favor of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant insurer due to expiration of the one-year limitation period set out at MCL 500.2832; MSA 24.12832. Plaintiff appeals as of right.

II

We reject the plaintiff insurer's contention that its claim for contribution falls within application of the six-year general statute of limitations set forth at MCL 600.5813; MSA 27A.5813, thereby escaping application of the one-year limitation period, which governs standard fire insurance policies, set forth at lines 157-161 of MCL 500.2832; MSA 24.12832.

Plaintiff's claim against defendant, filed some 3½ years after the fire and after defendant's refusal to pay, is derivative of plaintiff's payment to Kingslien, whom defendant had insured. Because there is no privity of contract between the plaintiff and defendant insurers, plaintiff's action is clearly one "on the policy," governed by the one-year limitation period contained therein. *Hearn v Rickenbacker,* 428 Mich 32, 37; 400 NW2d 90 (1987). Plaintiff's complaint was filed pursuant to MCL 500.2832; MSA 24.12832 and did not set forth a claim for contribution separate from the fire insurance policy itself. Characterizing the action as one for contribution does not alter its nature as an action "on the policy." If an insurance carrier cannot avoid the one-year limitation period by classifying the action as one for indemnification, neither may a carrier avoid the one-year limitation period by classifying the action as one for contribution. See *Keller v Losinski,* 92 Mich App 468,473; 285 NW2d 334 (1979). See also *Badger State Mutual Casualty Ins Co v Auto-Owners Ins Co,* 128 Mich App 120, 126; 339 NW2d 713 (1983).

Affirmed.