Allen STAHL, Appellant,

v.

PRESTON MUTUAL INSURANCE
ASSOCIATION, Appellee.

No. 93–534.

Supreme Court of Iowa.

May 25, 1994.

As Amended June 8, 1994.

Patrick W. Driscoll of Stanley, Lande & Hunter, P.C., Davenport, for appellant.

J. Michael Weston, Michael McDonough and Paul D. Gamez of Moyer & Bergman, Cedar Rapids, for appellee.

Considered by HARRIS, P.J., and LAVORATO, NEUMAN, ANDREASEN, and TERNUS, JJ.

ANDREASEN, Justice.

Insured brought suit against his homeowner's insurer for breach of the insurance contract and for bad faith in denying his claim for alleged losses caused by fire. The district court granted summary judgment in favor of the insurer based on the policy's contractual one-year limitation on the filing of an action. We affirm.

I. *Background.*

Preston Mutual Insurance Association (Preston Mutual) issued a home-guard insurance policy to Allen and Gloria Stahl. The policy was in effect on March 4, 1990, when their home in Clinton, Iowa, was destroyed by fire. Because the Stahls' marriage was ending, they filed separate claims with Preston Mutual for the fire loss.

On June 28 Preston Mutual sent letters to both Gloria and Allen concerning their claims under the policy. Gloria's claim was approved and she was paid approximately fifty percent of the total policy limits. Allen's claim, however, was denied because its investigation revealed that he had intentionally misrepresented "material facts and circumstances relating to the extent of the loss claimed under the insurance policy." Relying on a policy condition Preston Mutual declared the policy void as to Allen. The condition provided that the "entire policy is void if an insured person has intentionally concealed or misrepresented any material

fact or circumstance relating to this insurance."

An attorney representing Allen Stahl (Stahl) sent a letter to Preston Mutual on July 30 requesting a detailed explanation of the facts and circumstances relating to the denial of Stahl's claim. On September 28 Preston Mutual submitted a detailed list of the items which were not found in the debris at the fire scene to Stahl's attorney. There was no further contact between the parties for more than a year.

On February 3, 1992, Stahl filed a two-count petition against Preston Mutual claiming a breach of the insurance contract and a bad faith denial of his insurance claim. The insurer filed an answer and affirmative defenses to the petition. Preston Mutual later filed a motion for summary judgment claiming the one-year limitation of action provision in the fire insurance policy constituted a complete defense. Stahl's resistance claimed that (1) a bad faith claim was not an action for a breach of contract for purposes of the limitations clause, and (2) Preston Mutual was precluded from relying on the limitations clause because the policy had previously been declared void.

Following a hearing on the motion the court ruled that (1) a bad faith claim based solely on the denial of a claim for benefits is an action on the policy and therefore must be brought within one year of the loss, and (2) Preston Mutual was not estopped from raising the policy's limitations clause as a defense to Stahl's claims. Accordingly, the court granted the motion for summary judgment and dismissed both counts of Stahl's petition. Stahl appeals.

■ Summary judgment may only be granted when the entire record before the court shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Iowa R.Civ.P. 237(c). Thus, on appeal from a summary judgment ruling we must determine "(1) whether a genuine issue of material fact exists and (2) if the law was correctly applied." *Ottumwa Hous. Auth. v. State Farm Fire & Casualty Co.*, 495 N.W.2d 723, 726 (Iowa 1993). A limitations of action defense may be raised by affirmative defense

and motion for summary judgment. *See Harden v. State*, 434 N.W.2d 881, 883 (Iowa 1989).

## II. *Policy Limitations Provision.*

The contractual clause contained in Preston Mutual's home-guard policy provides:

> We may not be sued unless there is full compliance with all the terms of this policy. Suit must be brought within one year after the loss.

This limitations provision is contrary to the general statutes of limitations, *see* Iowa Code chapter 614 (1991), and is modeled after the standard fire insurance policy form. *See* Iowa Code § 515.138 (Sixth). The standard form limitations clause provides:

> No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss.

*Id.* By permitting insurance companies to shorten the general limitations period it appears the legislature intended to allow insurers to protect themselves from the bringing of stale claims which involve the added dangers of fraud and mistake. We have upheld the validity of this limitations provision. *See Thomas v. United Fire & Casualty Co.*, 426 N.W.2d 396, 399 (Iowa 1988).

## III. *Bad Faith.*

■ The fighting issue on appeal is Stahl's claim that the district court erred in applying the one-year limitations provision to his claim of bad faith denial of benefits. Specifically, he argues that an action for bad faith is not an action for breach of the insurance contract, but rather is an independent tort. In opposition, Preston Mutual argues that Stahl's claim is merely an attempt to disguise his action in order to recover on the policy. We agree with Preston Mutual.

The question we must answer here is whether Stahl's bad faith claim amounts to an action "on this policy" for purposes of applying the contractual limitations provision. We begin by briefly examining the

nature of a cause of action for bad faith handling of an insurance claim.

In *Dolan v. Aid Insurance Co.*, 431 N.W.2d 790 (Iowa 1988), we recognized a first-party bad faith cause of action. To establish a claim for bad faith against an insurer an insured "must show the absence of a reasonable basis for denying benefits of the policy . . ." and that the defendant knows or has "reason to know that its denial is without basis." *Reuter v. State Farm Mut. Auto. Ins. Co.*, 469 N.W.2d 250, 253 (Iowa 1991). Where an insurance claim is "fairly debatable" the bad faith claim must fail. *Id.* at 253–54. We note that although an insurer's failure to adequately investigate or evaluate a claim may be used to prove the crucial element of knowledge, "an improper investigation, standing alone, is not sufficient cause for recovery if the insurer in fact has an objectively reasonable basis for denying the claim." *Id.* at 254–55.

We adopted the first-party tort of bad faith in *Dolan* because "traditional damages for breach of contract will not always adequately compensate an insured for an insurer's bad faith conduct." 431 N.W.2d at 794; *see, e.g., Nassen v. National States Ins. Co.*, 494 N.W.2d 231 (Iowa 1992). We explained that "the nature of the contractual relationship between the insurer and insured" justified this conclusion. *Dolan*, 431 N.W.2d at 794. Though we declined to recognize a fiduciary relationship in first-party situations, we determined that a bad faith tort would serve to redress the "inherently unequal bargaining power" between the insurer and insured. *Id.*

The question of when a tort action is considered "on the policy" is one of first impression in this state. Other jurisdictions have offered mixed responses to this question when presented with a variety of tort actions. *See generally* Thomas G. Fischer, Annotation, *Policy Provision Limiting Time Within Which Action May Be Brought on the Policy as Applicable to Tort Action by Insured Against Insurer*, 66 A.L.R.4th 859 (1988 & Supp.1993) [hereinafter Fischer]; 44 Am. Jur.2d *Insurance* § 1880, at 880–81 (1982 & Supp.1993).

Two lines of authority have emerged. The majority rule recognizes that "[w]here a con-

tractual limitation refers only to actions upon a policy, it does not necessarily refer to different or collateral actions involving, in some measure, the policy proceeds." 20A John Alan Appleman & Jean Appleman, *Insurance Law and Practice* § 11603, at 452–56 (1976 & Supp.1993) [hereinafter Appleman]. These courts, for example, have not applied the policy's limitations clause to tort actions relating to the procurement of insurance or the insurer's defense or settlement of the insured's claim. *See* Fischer, 66 A.L.R.4th at 861–76. On the other hand, some courts have determined "that any form of action, growing out of the contract, is governed by the limitation provision contained in the policy." 20A Appleman § 11603, at 456–57. *See, e.g., Modern Carpet Indus., Inc. v. Factory Ins. Ass'n*, 125 Ga. App. 150, 186 S.E.2d 586 (1971); Fischer, 66 A.L.R.4th at 863–77.

We believe the minority's broad view is inconsistent with the purpose behind the first-party bad faith tort and therefore we reject it. *See Dolan*, 431 N.W.2d at 794. We find there is an important distinction between an action "arising out of the contractual relationship" and an action "on the policy." *See Murphy v. Allstate Ins. Co.*, 83 Cal.App.3d 38, 147 Cal.Rptr. 565, 574 (1978); *Hearn v. Rickenbacker*, 428 Mich. 32, 400 N.W.2d 90, 93 (1987). While most claims may be said to have arisen or evolved from the insurance policy, not all claims are actions on the policy. We agree that if the limitations clause were intended to cover all suits arising from the insurance policy, "then the preceding words, 'on this policy,' would have been superfluous." *Hearn*, 400 N.W.2d at 94. By its plain terms the limitations clause is intended to cover an action for the policy proceeds.

While the distinctions drawn by courts are sometimes subtle, absent conduct on the part of the insurer giving rise to an independent or collateral cause of action, most actions must be brought within the time allowed by the policy. In analyzing these claims courts have examined the character of the alleged bad faith conduct, the timing of the relevant events, and the type of damages sought. *See, e.g., Velasquez v. Truck Ins. Exchange*, 1

Cal.App.4th 712, 5 Cal.Rptr.2d 1, 4–6 (1991); *Hearn,* 400 N.W.2d at 93–94.

Courts have generally limited exemptions from a policy's limitations provision to situations where the events constituting bad faith occur either before or after the loss which triggers policy coverage. The court in *Murphy,* 147 Cal.Rptr. at 575, held that plaintiff's claim for fraud and bad faith related to the insurer's conduct with respect to the repair and restoration of previously damaged property. The court found that the damages sought were not for any loss covered by the insurance policy, but related to events occurring after the initial policy coverage. *Id.* at 572–75. Likewise, in *Frazier v. Metropolitan Life Insurance Co.,* 169 Cal.App.3d 90, 214 Cal.Rptr. 883, 890–91 (1985), the policy's limitations period was held inapplicable to a bad faith claim arising from conduct occurring after the initial claim was paid. Also, in *Hearn* the court found that plaintiff's allegations of fraud and negligence in handling the premiums and policy purchase were collateral claims because they related to events occurring at a time prior to the fire loss. 400 N.W.2d at 93–94.

In contrast, "[w]here denial of the claim in the first instance is the alleged bad faith and the insured seeks policy benefits, the bad faith action is on the policy and the limitations provision applies." *Velasquez,* 5 Cal. Rptr.2d at 5–6 (damages sought related to allegations of wrongful denial and cancellation); *see also Abari v. State Farm Fire & Casualty Co.,* 205 Cal.App.3d 530, 252 Cal. Rptr. 565, 567–68 (1988) (insured sought policy benefits plus interest after denial of damage claim); *Lawrence v. Western Mut. Ins. Co.,* 204 Cal.App.3d 565, 251 Cal.Rptr. 319, 323–24 (1988) (bad faith related to complete denial of the claim on the underlying policy); *Zehner v. MFA Ins. Co.,* 451 N.E.2d 65, 67–68 (Ind.App.1983) (claims of misrepresentation and negligence were based on the policy's coverage provisions).

To support his argument Stahl relies on a Wisconsin decision which held that a policy's limitations clause did not apply to a bad faith cause of action. *See Warmka v. Hartland Cicero Mut. Ins. Co.,* 136 Wis.2d 31, 400 N.W.2d 923, 925 (1987). However, in Wis-consin a first-party bad faith action is an independent tort for breach of a fiduciary duty owed by the insurer to the insured. As noted earlier, we have expressly rejected this part of the Wisconsin court's rationale. *North Iowa State Bank v. Allied Mut. Ins. Co.,* 471 N.W.2d 824, 828–29 (Iowa 1991); *Dolan,* 431 N.W.2d at 793.

We conclude from Stahl's pleading that his bad faith claim is a disguised attempt to resolve a dispute as to Preston Mutual's liability for his loss and is therefore an action "on this policy." Count two of his petition asserted Preston Mutual's decision to deny payment was in bad faith because the insurer either knew or should have known there was no reasonable basis for its denial. Further, he stated that Preston Mutual's denial "was the reason that Plaintiff did not recover the insurance benefits to which he would otherwise have been entitled." Stahl seeks the policy benefits plus punitive damages for the alleged wrongful denial. We find it significant that he fails to allege any additional acts of wrongdoing by the insurer which might otherwise give rise to a collateral or independent claim. We hold that Stahl's cause of action for bad faith is fundamentally a claim on the policy and is therefore time barred.

### IV. *Limitations Defense.*

■ Stahl also contends that Preston Mutual cannot rely on the policy's limitations clause to bar his action because it had previously declared the policy void as to his interests. Yet, Stahl's entire action for policy benefits rests on the premise that the policy was not void, notwithstanding Preston Mutual's prior declaration to the contrary.

■ Though certain conduct by an insurer may preclude the insurer from asserting a limitations period as a defense, mere denial of liability is clearly not the sort of act which estops an insurer from asserting the limitations defense. *See, e.g., Wendt v. White Pigeon Mut. Ins. Ass'n,* 418 N.W.2d 374, 376 (Iowa App.1987). Preston Mutual did nothing to mislead Stahl about its rejection of Stahl's claim or the one-year limitations provision. The insured had ample time to commence suit within the limitations period. We

find nothing in the record indicating that Preston Mutual made any representations to lull Stahl into delaying the filing of his action until after the limitations period had expired. Stahl's argument is without merit.

## V. *Disposition.*

The district court correctly concluded that the limitations provision in Preston Mutual's policy barred both of the causes of action pleaded by Stahl.

**AFFIRMED.**