# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2115

_____

Victor Ingrim; Nancy Ingrim,    *
                                *
    Plaintiffs - Appellants,    *
                                *    Appeal from the United States
v.                              *    District Court for the
                                *    Southern District of Iowa.
State Farm Fire & Casualty Company,    *
                                *
    Defendant - Appellee.    *

_____

Submitted:  January 10, 2001

Filed:  May 3, 2001

_____

Before LOKEN and BYE, Circuit Judges, and SACHS,* District Judge.

_____

LOKEN, Circuit Judge.

When fire destroyed the home of Victor and Nancy Ingrim in August 1997, they filed a claim under their Homeowners Extra insurance policy with State Farm Fire and Casualty Company.  After investigating, State Farm denied the claim.  The denial letter asserted that the loss "was not accidental in nature" and cited policy conditions that void the policy if the insured causes a loss to obtain insurance benefits or intentionally conceals or misrepresents any material fact "relating to this insurance."

_____

*The HONORABLE HOWARD F. SACHS, United States District Judge for the Western District of Missouri, sitting by designation.

On August 2, 1999, the Ingrims filed this action. Count I alleged that State Farm's claim denial was a breach of the insurance contract "in willful and wanton disregard" of their rights. Count II alleged bad faith denial of the policy claim. State Farm moved for summary judgment, arguing both causes of action are time-barred because the policy requires that any action "be started within one year after the date of loss or damage." In response to that motion, the Ingrims moved for leave to amend their complaint. The proposed amended complaint pleaded six bad faith causes of action. The district court[1] denied the Ingrims' motion for leave to amend as futile, concluding that all six counts in the proposed amended complaint would be barred by the one-year limitations provision in the policy. The court then granted State Farm summary judgment dismissing the original complaint. The Ingrims appeal only the denial of their motion for leave to amend. We affirm.

Although leave to amend a complaint "should be freely granted," it may be denied if the proposed amended pleading would be futile. Wald v. Southwestern Bell Corp. Customcare Med. Plan, 83 F.3d 1002, 1005 (8th Cir. 1996); see Foman v. Davis, 371 U.S. 178, 182 (1962); FED. R. CIV. P. 15(a). The one-year limitations provision in State Farm's policy incorporates a provision of the Iowa statutory standard fire insurance policy. See IOWA CODE ANN. § 515.138, Sixth, Second Page of Standard Fire Policy (West 1998). Such a provision is enforceable and bars all actions "on the policy." Stahl v. Preston Mut. Ins. Ass'n, 517 N.W.2d 201, 202 (Iowa 1994). The issue in this case is whether the six bad faith causes of action asserted in the Ingrims' proposed amended complaint are claims "on the policy" under Iowa law. If they are, the district court correctly concluded that granting the Ingrims leave to amend would have been futile. We review the district court's determination of Iowa law *de novo*. Salve Regina Coll. v. Russell, 499 U.S. 225, 231 (1991).

---

[1]The HONORABLE HAROLD D. VIETOR, United States Senior District Judge for the Southern District of Iowa.

In Stahl, as in this case, a homeowner's insurer denied a claim under the policy for alleged fire losses, and the insured sued for breach of the insurance contract and for bad faith denial of the claim. The Iowa Supreme Court concluded that the cause of action for bad faith denial of insurance benefits, though sounding in tort, was a claim "on the policy." Therefore, both the breach of contract and the bad faith causes of action were barred by the policy's one-year limitations provision. The court explained that "not all [bad faith] claims are actions on the policy," but "[b]y its plain terms the [one-year] limitations clause is intended to cover an action for the policy proceeds." 517 N.W.2d at 203. To avoid a policy limitations provision, plaintiff must allege "conduct on the part of the insurer giving rise to an independent or collateral cause of action." Id. "Where denial of the claim in the first instance is the alleged bad faith and the insured seeks policy benefits, the bad faith action is on the policy and the limitations provision applies." Id. at 204, quoting Velasquez v. Truck Ins. Exch., 5 Cal. Rptr. 2d 1, 5 (Cal. App. 1991). See generally Jang v. State Farm Fire & Cas. Co., 95 Cal. Rptr. 2d 917 (Cal. App. 2000).

In this case, the Ingrims' initial cause of action for bad faith denial of their claim under the State Farm policy was clearly time-barred under Stahl. In the proposed amended complaint, the Ingrims attempted to avoid the bar by asserting six bad faith causes of action labeled Inadequate Investigation, False Accusation, Exploitation of Vulnerable Position, Wrongful Cancellation, Deception, and Oppressive Demands. The district court concluded that these claims, too, are time-barred because they "do nothing more than simply amplify and specify how State Farm allegedly acted in bad faith when denying their claim."

Without question, looking at the facts alleged confirms that each of the six bad faith causes of action arose out of State Farm's handling of the Ingrims' claim under the policy. Count I alleges bad faith in inadequately investigating the claim. Count II alleges that State Farm's letter denying the claim falsely accused the Ingrims of intentionally setting fire to their home. Count III alleges that in investigating and

denying the claim State Farm in bad faith exploited the Ingrims' vulnerable emotional and financial position. Count IV alleges bad faith retroactive cancellation of the policy on the day State Farm denied the claim. Count V alleges bad faith deception by sending an investigator to evaluate the Ingrims' financial condition on the pretense of investigating the origin of the fire. Count VI alleges that State Farm in bad faith "imposed onerous and burdensome demands upon the [Ingrims] during its investigation and handling of their claims."

The Ingrims argue these bad faith causes of action are not claims "on the policy" because the Ingrims are not seeking to recover the "policy proceeds," that is, damages for the fire loss allegedly covered by the policy. But that contention is factually inaccurate. In the prayer for relief, each of the six counts in the proposed amended complaint seeks to recover "reasonably foreseeable damages . . . *such as* mental pain and suffering, loss of reputation, and other damages." (Emphasis added.) This language does not forego or exclude a claim for the policy proceeds. It is an exercise in artful pleading, an attempt to avoid the rule in <u>Stahl</u> by emphasizing types of damages sought *in addition to* the policy proceeds. But claims for additional damages do not avoid the rule in <u>Stahl</u>, because the Iowa Supreme Court expressly held that a bad faith claim that "seeks the policy benefits plus punitive damages for the alleged wrongful denial" was time-barred by the policy limitations provision. 517 N.W.2d at 204; <u>accord</u> <u>Jang</u>, 95 Cal. Rptr. 2d at 926. Thus, the district court correctly concluded that each of the six bad faith causes of action in the proposed amended complaint falls within the express ambit of <u>Stahl</u> – a bad faith claim "where the denial of the [policy] claim in the first instance is the alleged bad faith and the insured seeks policy benefits." As in <u>Stahl</u>, the Ingrims' six new claims are merely "a disguised attempt to resolve a dispute as to" State Farm's liability under the policy. 517 N.W.2d at 204.

If the proposed amended complaint had expressly disclaimed any intent to seek damages based upon the denial of policy benefits, this appeal would raise different issues, such as whether the policy limitations period still applies because the alleged

bad faith was based upon State Farm's handling of the policy claim, and if not, whether the independent tort of bad faith under Iowa law extends to insurer conduct not "on the policy" absent allegations that would satisfy the elements of more traditional torts, such as fraud, negligence, slander, or intentional infliction of emotional distress. To our knowledge, these issues have not been explored in prior Iowa cases, and we leave them for the future. All we decide is that, when a bad faith cause of action arises from an insurer's investigation and denial of a claim under the policy and seeks damages that may fairly be construed to include policy benefits, that cause of action, like a suit for breach of the insurance contract, is governed by a limitations provision in the policy.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.