# IN THE COURT OF APPEALS OF IOWA

————————

No. 25-0301
Filed February 11, 2026

————————

**Jody Johnson and Harold Johnson,**
Plaintiffs–Appellants,

v.

**Farmers Mutual Hail Insurance Company of Iowa,**
Defendant–Appellee.

————————

Appeal from the Iowa District Court for Hardin County,
The Honorable Christopher C. Polking, Judge.

————————

**AFFIRMED**

————————

Joel C. Waters of Kaplan & Frese, LLP, Marshalltown, attorney for
appellants.

Andrew D. Hall and Aaron W. Lindebak of Grefe & Sidney, P.L.C., Des
Moines, attorneys for appellee.

————————

Considered without oral argument
by Chicchelly, P.J., and Buller and Langholz, JJ.
Opinion by Chicchelly, P.J.

**CHICCHELLY, Presiding Judge.**

Harold and Jody Johnson (the Johnsons) appeal the district court's ruling granting summary judgement for Farmers Mutual Hail Insurance Company of Iowa (Farmers). The Johnsons allege Farmers should be equitably estopped from claiming the contractual limitations period had run. Upon our review, we affirm.

## BACKGROUND FACTS AND PROCEEDINGS

The Johnsons' property suffered wind damage because of a derecho in August 2020. The property was insured by Farmers, who inspected the property and handled the claim. The claim was processed, paid out, and closed by October 2021. The Johnsons made additional claims in August 2022 and January 2024. Farmers issued a total of twelve payments for damage relating to the derecho.

But a dispute arose relating to the January 2024 payment. Both the Johnsons and Farmers had the home inspected to determine the extent of remaining damage. Farmers made payments of $5,181.67 and $842.84 while the Johnsons alleged the damage totaled $19,171.42.

The Johnsons filed suit in August 2024. In November, Farmers moved for summary judgment based on the contractual limitations period in the insurance policy. The limitations period in the policy stated:

> 13. Suit Against Us—No suit may be brought against "us" unless all the "terms" of this policy have been complied with and the suit is brought within two years after the loss.

The Johnsons resisted claiming (1) the extent of the knowledge was not known until January 2024 and (2) Farmers should be equitably estopped from asserting the limitations period as a defense because the Johnsons were

denied a copy of their insurance policy when it was requested. The district court granted summary judgment for Farmers. The Johnsons now appeal.

## STANDARD OF REVIEW

We review rulings on motions for summary judgment for correction of errors at law. *See Homan v. Branstad*, 887 N.W.2d 153, 163 (Iowa 2016). Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. Iowa R. Civ. P. 1.981(3); *Mueller v. Wellmark, Inc.*, 818 N.W.2d 244, 253 (Iowa 2012). The district court's findings of fact are binding on us if supported by substantial evidence. Iowa R. App. P. 6.904(3)(a). In reviewing summary judgment rulings, we view the record in the light most favorable to the nonmoving party. *See Homan*, 887 N.W.2d at 163–64. This includes drawing all legitimate inferences that the record supports in favor of the nonmoving party. *See id.* at 164.

## DISCUSSION

The Johnsons argue the district court erred in finding the record did not support a claim of equitable estoppel. They argue (1) neither party knew the extent of the damage until January 2024 and (2) Farmers refused to provide the policy to them after they requested a copy. To successfully establish equitable estoppel, the plaintiff has the burden to show by clear and convincing evidence:

> (1) The defendant has made a false representation or has concealed material facts; (2) the plaintiff lacks knowledge of the true facts; (3) the defendant intended the plaintiff to act upon such representations; and (4) the plaintiff did in fact rely upon such representations to his prejudice.

*Osmic v. Nationwide Agribusiness Ins.*, 841 N.W.2d 853, 864 (Iowa 2014) (citations omitted).

## I.     Extent of Damages

We must first address the Johnsons' contention that estoppel is appropriate because the extent of the damages were not known until January 2024.  But our supreme court has held contractual limitations valid where an underinsured motorist policy contained a two-year contractual deadline regardless of later-discovered injuries. *Robinson v. Allied Prop. & Cas. Ins.*, 816 N.W.2d 398, 402–03 (Iowa 2012) ("We have not previously invalidated a two-year contractual UIM deadline on grounds the insured did not reasonably discover the full extent of her injuries until later.").

The Johnsons argue *Robinson* is inapplicable because it deals with underinsured motorists rather than property damage.  We do not find this argument persuasive.  While they do not deal with the issue of later-discovered damages, our supreme court and federal courts have upheld the validity of one-year contractual limitations in property damage cases. *See Stahl v. Preston Mut. Ins.*, 517 N.W.2d 201, 202 (Iowa 1994) (noting the policy at issue was modeled after the statutory standard fire insurance policy form which provided suit to be filed "within twelve months next after inception of the loss," citing what is now Iowa Code section 515.109 (2017)); *see also Davidson v. Wal-Mart Assocs. Health & Welfare Plan*, 305 F. Supp. 2d 1059, 1070 (S.D. Iowa 2004) (finding a one-year contractual limitations period was enforceable under Iowa law if reasonable, even though claims for benefits are considered contractual and subject to the statutory ten-year statute of limitations).  And it is well-established "that parties to an insurance contract can modify the deadline for bringing suit," but the limitation is only enforceable if reasonable. *Osmic*, 841 N.W.2d at 858–59.  The Johnsons do

not raise a reasonableness challenge here. So, we find the two-year contractual limitation applies and the later-discovered damages cannot form the basis of estoppel in this case.

## II.    Disclosure of Policy

Next we must address the Johnsons' argument that Farmers withheld a copy of their policy from them justifying estoppel. Our supreme court has held that the complete failure to provide the policy to the insured would not preclude enforcement of the policy's limitations clause so long as the insurer did not deny a request for the policy. See *id.* at 862. Specifically, *Osmic* says:

> Where the insurer wrongfully and unjustifiably withholds the policy from the insured, the insurer may be estopped from relying on the suit limitation clause . . . .
> On the other hand, an insurer's failure to provide a copy of a policy did not create a waiver or estoppel regarding the policy's limitation provision under the following circumstances:
> . . . .
> There was no request for a copy of the policy.

*Id.* (alterations in original) (quoting 17 Lee R. Russ & Thomas F. Segalla, *Couch on Insurance 3d* § 238:22, at 238–40 to –41 (2005)). Based on our review of the record, the Johnsons allege they requested a copy of their policy from their insurance agents—Shomo-Madsen Insurance. But Farmers argue Shomo-Madsen is independent from them and cannot act in their place. The district court found, "The Johnson's would need to show in the summary judgment record that a request to [Shomo-Madsen] was the same as a request to Farmers Mutual Hail company and they have not done so." We agree. The Johnsons had to have come forward with evidence that requesting the policy from Shomo-Madsen is the equivalent of requesting it from Farmers. *See Stevens v. Iowa Newspapers, Inc.*, 728 N.W.2d 823, 827 (Iowa 2007). They did not do so. The record demonstrates they were in

contact with Farmers regarding what the policy contains but there is no fact in this record that the Johnsons ever requested the policy itself from Farmers. Because there is no evidence in the record that requesting the policy from Shomo-Madsen was sufficient or that a request was made to Farmers itself, we find estoppel is not appropriate in this case. *Osmic*, 841 N.W.2d at 862. Accordingly, we affirm the district court's grant of summary judgment for Farmers.

**AFFIRMED.**